(June 16, 1915.)

STATE, Respondent, v. W. F. KASISKA, Appellant.

[150 Pac. 17.]

INTOXICATING LIQUORS—SALE OF—INJUNCTION—PROHIBITION DISTRICT—
MOTION TO DISSOLVE OR MODIFY.

　　1. An act approved February 18, 1911 (Sess. Laws, p. 30), is an act supplementing and providing additional means for the enforcement of the provisions of certain acts intended to regulate, restrain, control and prohibit the sale of intoxicating liquors, and provides, among other things, that all places in a prohibition district where intoxicating liquors are sold, furnished, delivered, given

away or otherwise disposed of in violation of law, etc., are common nuisances; and also provides that the prosecuting attorney of any county where such nuisances exist may maintain an action in the district court, in the name of the state, to abate and perpetually enjoin the same, and that an injunction can be granted at the commencement of an action and no bond shall be required.

2. Under the provisions of said act the prosecuting attorney brought this action and the judge of the fifth judicial district in and for the county of Bannock issued a writ of injunction by which the defendant was enjoined from keeping open or permitting to be kept open the Bannock Hotel, the building in which it was alleged illegal sales of intoxicating liquors were made, and also enjoined the defendant from selling, delivering or otherwise disposing of intoxicating liquors in and about said premises.

3. *Held,* under said act and the allegations of the complaint that the judge did not err in granting said injunction.

4. *Held,* that the injunction issued was a temporary one and was only intended to continue until the final hearing of the case unless sooner modified by the court or judge.

5. *Held,* under the facts in this case that the court did not err in denying the motion to dissolve or modify said injunction.

APPEAL from the District Court of the Fifth Judicial District for Bannock County. Hon. J. J. Guheen, Judge.

Action to have the Bannock Hotel building in the city of Pocatello adjudged and declared to be a common nuisance and to enjoin the defendant from selling intoxicating liquors in said hotel. Temporary injunction granted. Motion to dissolve or modify denied. *Affirmed.*

Perky & Crow and R. M. Terrell, for Appellant.

The effect of the judgment granted was to completely abate the place alleged to have been a nuisance. This cannot be properly done upon an injunction issued *ex parte* at the time of the filing of the complaint. The effect of closing down the place where the purported sales were made is to grant to the plaintiff a final decree before any hearing whatever upon the issues involved. This cannot legally be done. (*Teutonia Club v. Howard,* 141 Ga. 79, 86 S. E. 290; *Arnold v. Bright,* 41 Mich. 207, 2 N. W. 16; *Consolidated Vinegar Works*

*v. Brew,* 112 Wis. 610, 88 N. W. 603; *Weaver v. Toney,* 107 Ky. 419, 54 S. W. 732, 50 L. R. A. 105; *Becker v. Gilbert* (N. J.), 60 Atl. 29; *Forman v. Healey,* 11 N. D. 563, 93 N. W. 866; 22 Cyc. 740, 741.)

Only so much of the objectionable thing can be removed as was actually responsible for the nuisance. (29 Cyc. 1217.)

The practice seems to be, even in those states having the most rigid abatement laws, to issue the injunction forbidding the selling of liquor in the hotel in which the nuisance is alleged to exist. (*Cooley v. Charles Hotel* (Iowa), 130 N. W. 115.)

The proper conduct of a lawful business cannot be enjoined. (*Village of American Falls v. West,* 26 Ida. 301, 308, 142 Pac. 42.)

Where a business is not *per se* a nuisance or unlawful, it is always safer for the court to make its injunction only broad enough to prohibit a continuance of the business in such a manner or under such conditions or circumstances as to annoy or be offensive to the party aggrieved. (*Lorenzi v. Star Market Co.,* 19 Ida. 681 (bottom of page), 115 Pac. 490, 35 L. R. A., N. S., 1142.)

The court upon an *ex parte* proceeding cannot deprive a man of his property. (*McConnell v. McKillip,* 71 Neb. 712, 115 Am. St. 614, 99 N. W. 505, 65 L. R. A. 610, 8 Ann. Cas. 898; *Modern Loan Co. v. Police Court,* 12 Cal. App. 582, 108 Pac. 56.)

J. H. Peterson, Atty. Genl., E. G. Davis and T. C. Coffin, Assistants, C. D. Jones and McDougall & Smith, for Respondent.

Under the authorities in a matter of this kind, the issuance of the restraining order runs clearly to the abatement of the place as a nuisance rather than to the commission of unlawful acts, namely, the selling of intoxicating liquor in dry territory. This clearly follows from the provisions of sec. 2 of the search and seizure act, quoted above, wherein certain "places" are declared to be "common nuisances," and it is the maintenance of these places as common nuisances which

courts are authorized to enjoin by the issuance of an injunction at the commencement of the action. (*Carleton v. Rugg,* 149 Mass. 550, 14 Am. St. 446, 22 N. E. 55, 5 L. R. A. 193; *Littleton v. Fritz,* 65 Iowa, 488, 54 Am. Rep. 19, 22 N. W. 641; *Pontius v. Bowman,* 66 Iowa, 88, 23 N. W. 277; *State v. Nelson,* 13 N. D. 122, 99 N. W. 1077; *State v. Massey,* 72 Vt. 210, 47 Atl. 834; *Commonwealth v. Purcell,* 154 Mass. 388, 28 N. E. 288.)

Defendant's right to operate a hotel is to operate it in a wholly lawful manner, and where legitimate operations are coupled with unlawful transactions, as the record shows to have been the facts in this case, it is a matter which must rest in the sound discretion of the trial court to determine whether the whole operation of the hotel should be enjoined, or only a part thereof. (*Flood v. Goldstein,* 158 Cal. 247, 110 Pac 916; *Klein v. Davis,* 11 Mont. 155, 27 Pac. 511; *Cotter v. Cotter,* 16 Mont. 63, 40 Pac. 63; *Cunningham v. Ponca City,* 27 Okl. 858, 113 Pac. 919; *Stowe v. Powers,* 19 Wyo. 291, 116 Pac. 576; *Anderson v. Eagleheart,* 18 Wyo. 409, 108 Pac. 977.)

The constitutional guaranty of due process of law does not affect the police power of the state, inasmuch as the police power itself is deemed due process of law. (*Lawton v. Steele,* 119 N. Y. 226, 16 Am. St. 813, 23 N. E. 878, 7 L. R. A. 134; *In re Newell,* 2 Cal. App. 767, 84 Pac. 226; *Garland Novelty Co. v. State,* 71 Ark. 138, 71 S. W. 257; *Board of Police Commrs. v. Wagner,* 93 Md. 182, 86 Am. St. 423, 48 Atl. 455, 52 L. R. A. 775; *Cartwright v. City of Cohoes,* 56 N. Y. Supp. 731, 39 App. Div. 69, 165 N. Y. 631, 59 N. E. 1120; *Ex parte McCue,* 7 Cal. App. 765, 96 Pac. 110; *North American Cold Storage Co. v. Chicago,* 151 Fed. 120, 211 U. S. 306, 29 Sup. Ct. 101, 53 L. ed. 195, 15 Ann. Cas. 276; *Knight & Jillson Co. v. Miller,* 172 Ind. 27, 87 N. E. 823, 18 Ann. Cas. 1146; *State v. Dannenberg,* 151 N. C. 718, 66 S. E. 301, 26 L. R. A., N. S., 890; *Pittsburg C. C. & St. L. R. Co. v. State,* 180 Ind. 245, 102 N. E. 25; *Hiller v. State* (Md.), 92 Atl. 842; *Mugler v. Kansas,* 123 U. S. 623, 8 Sup. Ct. 273, 31 L. ed. 205.)

SULLIVAN, C. J.—This is an appeal from an order granting an injunction or restraining order, and also from an order

refusing to dissolve or modify the same. This proceeding was brought under the provisions of secs. 2 and 4 of an act to supplement, strengthen and provide additional means for the enforcement of the provisions of certain acts intended to regulate, restrain, control and prohibit the sale of intoxicating liquors, approved Feb. 18, 1911 (Sess. Laws 1911, p. 30). Said sections are as follows:

"Sec. 2. All places in a prohibition district of the state of Idaho where intoxicating liquors are sold, furnished, delivered, given away, or otherwise disposed of in violation of law; or where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage; or where intoxicating liquors are kept for sale, delivery or disposition in violation of law, and all intoxicating liquors, vessels, glasses, kegs, pumps, bars and other property kept in and used in maintaining such a place, are hereby declared to be common nuisances, and every person who maintains or assists in maintaining such common nuisance is guilty of a misdemeanor, and, upon conviction thereof, shall be punished by a fine of not less than twenty-five dollars ($25), nor more than five hundred dollars ($500), or by imprisonment in the county jail for not less than ten (10) days nor more than six (6) months, or by both such fine and imprisonment for each offense."

"Sec. 4. The prosecuting attorney of any county where such a nuisance, as defined in section 2 of this act, exists, or is kept or maintained, may maintain an action in the district court of such county in the name of the state of Idaho to abate and perpetually enjoin the same. The injunction shall be granted at the commencement of the action and no bond shall be required. Any person violating the terms of such injunction shall·be punished for contempt by a fine of not less than one hundred dollars ($100), nor more than five hundred dollars ($500), or by imprisonment in the county jail for not less than thirty (30) days nor more than six (6) months, in the discretion of the court or judge thereof."

It is alleged in the complaint that the defendant, Kasiska, was the owner and in the possession of what is known as the

Bannock Hotel, situated in the city of Pocatello, and that during all of the times mentioned in the complaint said hotel was used for the sale of intoxicating liquors, and that for the purpose of carrying on said business and concealing the same from the public generally, the lobby, bar-room, halls, stairways, card-rooms and other rooms of said hotel were used for said purpose with the full knowledge and consent of the defendant, and that the use of said hotel as set out in said complaint makes and constitutes the same a common nuisance, under the provisions of the statutes of the state. The complaint prays that said hotel be adjudged a common nuisance and that an order issue directing the sheriff to shut up and abate said place, and that in the meantime defendant may be enjoined, until the further order of the court, from keeping open or permitting to be open, said hotel, and from selling, delivering or otherwise disposing of or giving away or from keeping for sale, delivery or disposition or use in and about said premises, any malt, vinous, spirituous, fermented or other intoxicating liquor, or from permitting such liquors to be sold, delivered, given away or otherwise disposed of in violation of law.

Said complaint was duly verified by the prosecuting attorney of said county, and the judge of said district, after considering said complaint, made the following order:

"It is therefore ordered by me, J. J. Guheen, judge of the district court of the fifth judicial district of the state of Idaho, in and for the county of Bannock, that until further order in the premises, you, the said W. F. Kasiska, and all your counselors, attorneys, solicitors, employees and agents, and all others acting in aid or assistance of you, and each and every of you, are hereby restrained and enjoined from keeping or permitting to be opened the Bannock Hotel building, situate on lots 1, 2 and 3 in block 487 in the city of Pocatello, county of Bannock, state of Idaho, and from selling, delivering, or otherwise disposing of intoxicating liquors in and about said premises."

Thereafter a motion was made to dissolve or modify said injunction on several grounds, the first of which was that

the complaint does not state facts sufficient to authorize any injunctive relief and in particular that portion of the order of injunction restraining the defendant and his counselors, etc., from keeping and permitting to be kept open the said Bannock Hotel building; that said injunctive order is in violation of certain provisions of the constitution of the United States and of the state of Idaho; that said injunctive relief granted is inequitable and disproportionate to the necessity for any injunctive relief, and particularly in that the part of the hotel building in which the common nuisance is alleged to have been permitted is but a small portion of said building.

This motion was based on the complaint, affidavits and numerous court records which show that many prosecutions have been made against appellant during the past four years for the illegal sale of intoxicating liquors. The record shows the numerous pleas of guilty entered by the appellant in those cases, the fines assessed and the assurances given by the appellant to the court "upon his honor as a man," that he would no longer violate the law forbidding the sale of intoxicating liquors, and that there are a number of charges for the illegal sale of intoxicating liquors now pending against him in said county. The record also shows that about three years ago a criminal judgment was pronounced against the appellant and he paid a fine of $500 assessed against him, and about a year later he again appeared in the district court charged with several separate and distinct violations of the law, and upon pleas of guilty was fined $1,000, and at that time, upon his statement in open court, "upon his honor as a man" that he would no longer violate the intoxicating liquor laws, other indictments then pending against him were dismissed.

The record shows that the appellant is the owner and proprietor and was running said Bannock Hotel, prior to the granting of said injunction, and that said Bannock Hotel has been used as a place for the sale of intoxicating liquors in violation of law. The provisions of sec. 2 of said act were clearly intended to remedy the evil which induced its enactment and its language is broad enough to cover the particular

phase of the evil arising from the conduct of a hotel as the Bannock Hotel was conducted and run.

The guests of the hotel, or many of them, received liquor from the bar whenever they desired, and the hallways of the hotel in the mornings showed a number of empty bottles sitting outside of the different doors. There apparently was not much secrecy in regard to the matter, and it appears that the appellant, regardless of the many fines and his solemn promises made to the court that he would cease the business, was determined to continue the illegal sale of intoxicating liquors and that said hotel premises was the place where he carried on this illegal traffic.

But it is contended by counsel that the injunctive order made closes up the hotel so that the appellant cannot carry on the hotel business in a lawful or legitimate way and thus deprives him of his property without due process of law.

There is nothing in that contention under the facts of this case, since the injunction issued is only temporary and will only continue until the final hearing of the case, unless sooner modified by the court or judge. Under ordinary circumstances the restraining order might appear a little drastic, but when we come to consider the record and the reckless violation of the law by the appellant, we do not think the court erred in granting the injunction as it did, which, no doubt, when the case is heard on its merits will be so modified as to permit a legitimate business to be carried on in that hotel building.

If the guests in a hotel in a prohibition district are to be given the services of a saloon because of their registering at or patronizing the hotel, then the hotel is not a cloak to hide the illegal sale of liquor, but it is a means to an end, an instrumentality inseparably connected with a part of the business of selling liquor. In this view it becomes as much a common nuisance as the room in which the liquor is kept and from whence it is sold.

The definition of common nuisance as given in sec. 2 of said act clearly and unequivocally includes just such places as a hotel which is used in the manner the record shows this

hotel has been used. The record shows that this hotel is not maintained and kept as a legitimate hotel but as an adjunct for the carrying on of an illegal traffic in liquor. In that view of the case, an injunction requiring its discontinuance as a place where intoxicating liquors are sold would have the effect of closing the hotel until a hearing is had on the merits of the case. The illegal selling of liquor was its principal or chief use at the times mentioned in the complaint, as shown by the record.

No doubt, if on the final hearing the court should determine and adjudge that the defendant could not use the hotel building for any purpose whatever, it would be the taking of property without due process of law, and that action of the court would be held void. But it is a principle universally recognized that the constitutional guaranty of "due process of law" does not affect the legitimate police power of the state, inasmuch as such power is deemed "due process of law." When drastic measures are required to enforce the law, such measures may be temporarily used in abating a public nuisance.

The state is not seeking in this action to forfeit the title to said property to the state, and the statute provides for no forfeiture. It simply provides for the abatement of what the legislature considered a moral disease and a nuisance to the public, in the same sense that our health statutes provide for a quarantine against physical disease. The trial judge no doubt arrived at the conclusion that said hotel as managed by the defendant was in and of itself a nuisance which the state ought to abate. It was not the bar-room; it was not the drinking of liquor; it was not the open and notorious violation of the law; it was simply the hotel itself, which from the manner and method of its use became a nuisance within the meaning of sec. 2 of said act. Such being the case, the fourteenth amendment to the United States constitution guaranteeing due process of law does not abridge or affect in any way the power of the state to abate such a nuisance as the said hotel is shown to be by the method and manner in which it was conducted.

We therefore conclude that said provisions of the sections of said act above quoted are constitutional when given a reasonable construction, and do not deprive the defendant of due process of law, and that the trial court did not exceed its jurisdiction and did not err in granting said injunction to continue until the final determination of said case, or until the further order of the court.

The orders appealed from are affirmed, with costs in favor of the state.

Budge and Morgan, JJ., concur.