STATE, RESPONDENT, *v.* MERCIER ET AL., APPELLANTS.

(No. 5,432.)

(Submitted March 18, 1924.   Decided April 24, 1924.)

[225 Pac. 802.]

*Intoxicating   Liquors—Common   Nuisances—Abatement—General   Reputation   of   Place—Evidence—Admissibility—Judgment—Jury Trial.*

Intoxicating Liquors—Nuisances—Abatement—Defendant not Entitled to Jury Trial.
   1. In a proceeding under section 11067, Revised Codes of 1921, to abate as a common nuisance a rooming-house where intoxicating liquor was being illegally kept and sold, providing that the "action shall be brought and tried as an action in equity," the defendant is not entitled to a jury trial.

Same—Judgment—Closing Premises for One Year—Statute—Validity.
   2. Section 11067, Revised Codes, *held* not invalid in so far as it authorizes the trial court upon finding that a particular place is a common nuisance within the meaning of section 11066, in addition to ordering it closed, to direct that it shall not be occupied or used for one year thereafter.

Same—General Reputation of Premises—Evidence—Admissibility.
   3. Evidence that the general reputation of a rooming-house was that of a place where intoxicating liquor was being illegally sold was properly admitted in an abatement proceeding.

Same—Purchase of Liquor on Premises—Evidence—Sufficiency to Warrant Abatement.
   4. Where, in addition to testimony as to its general character, two witnesses for the state had testified that they had purchased four drinks of moonshine liquor from defendant at his rooming-house, the evidence was sufficient to sustain a finding that the place was a common nuisance.

Same—Closing of Place for One Year—Judgment—Construction in View of Statute.
   5. A judgment in an abatement proceeding that the place in question be closed and kept closed "until released in the manner provided by law," construed to mean that the premises should not be occupied or used for one year unless the court should sooner permit them to be occupied or used, and not open to the objection that it did not conform to the provisions of section 11067, Revised Codes of 1921.

*Appeal from District Court, Park County; H. J. Miller, Judge.*

PROCEEDING by the State against Mrs. Minnie Mercier and another to have certain premises declared a common nuisance

and a continuation thereof enjoined. From the judgment defendants appeal. Affirmed.

*Messrs. Gibson & Smith,* for Appellants, submitted a brief; *Mr. Fred L. Gibson* argued the cause orally.

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. L. V. Ketter,* Assistant Attorney General, for the State, submitted a brief; *Mr. L. A. Foot,* Assistant Attorney General, argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

A complaint was filed in the district court of Park county, which charged that defendant Hart, the lessee in possession of a rooming-house in Livingston, with the knowledge and consent of defendant Mercier, the owner of the property, was maintaining the premises as a place where intoxicating liquors were kept for sale and sold in violation of law. After issues were joined the cause was tried to the court without a jury, resulting in a judgment which declared the place to be a common nuisance and enjoined the defendants from using it or permitting it to be used for the purpose of keeping or selling intoxicating liquors in violation of law. By the judgment the sheriff was directed to abate the nuisance by closing the place and keeping it closed "until released in the manner provided by law." The appeal is from the judgment.

Section 11066, Revised Codes, declares that any house where intoxicating liquors are manufactured, sold, kept or bartered in violation of law is a common nuisance. Section 11067 provides that an action may be prosecuted to enjoin such a nuisance, and that "such action shall be brought and tried as an action in equity."

1. Notwithstanding the terms of this statute, defendants insist that they were entitled to have a jury determine the question of the existence of a nuisance. The contention cannot

be sustained. The right of trial by jury, guaranteed by section 23, Article III, of our state Constitution, is the right as it existed at the time the Constitution was adopted (*Cunningham* v. *Northwestern Improvement Co.,* 44 Mont. 180, 119 Pac. 554), and at that time the right was exactly the same as the right secured by the seventh amendment of the Constitution of the United States (*Montana Ore Pur. Co.* v. *Boston & Montana Con. C. & S. Min. Co.,* 27 Mont. 536, 71 Pac. 1005). Nearly forty years ago, and prior to the adoption of our state Constitution, the supreme court of the United States held that a statute similar in its provisions to our sections 11066 and 11067, above, did not impinge upon the provisions of the seventh amendment, and that in a proceeding of this character the defendant was not entitled to a jury trial. (*Mugler* v. *Kansas,* 123 U. S. 623, 31 L. Ed. 205, 8 Sup. Ct. Rep. 273 [see, also, Rose's U. S. Notes].) The doctrine of that case has been followed generally by the courts of this country.

Counsel for defendants err in assuming that the decision in *Chessman* v. *Hale,* 31 Mont. 577, 3 Ann. Cas. 1038, 68 L. R. A. 410, 79 Pac. 254, conflicts in the least with the rule just stated. In *Chessman* v. *Hale* it was charged that the defendant was maintaining a private nuisance in that he had caused tailings from his mining operations to be carried on to plaintiff's land and threatened to continue the trespasses. The purpose of that action was to recover damages for the trespasses, and as an incident to the principal relief an injunction was sought to restrain the continuance of the nuisance. The purpose of the present action is to restrain the defendants from maintaining a public nuisance; damages are not sought and are not recoverable. These rules are stated aptly in 20 R. C. L. 484, as follows: "In some of the decisions it is held that, under a constitutional provision, securing the right of trial by jury, the plaintiff in an action to recover damages for a nuisance is entitled as of right to have a trial by jury of the questions as to the existence of the nuisance and the damages recoverable

therefor, even though he seeks in the same action to enjoin the continuance of the nuisance. * * * In the case of public nuisances, where the application is for an injunction only, no damages being demanded, it seems to be settled that constitutional guaranties do not require a trial by jury.''

2. Section 11067, above, provides that if the court finds that [2] a particular place is a common nuisance within the definition given in section 11066, it may order that the place shall not be occupied or used for one year thereafter. Counsel for defendants contend that this section is invalid in so far as it authorizes a place to be closed against lawful use, but they have not cited any authority to sustain their position. The provisions of section 11067 are substantially the same as those found in section 22 of the Volstead Act (41 Stat. 314 [Comp. Stats. Ann. Supp. 1923, sec. 10138½k]), and the provisions of the Volstead Act have been enforced without question, so far as our inquiry goes, since the decision in *National Prohibition Cases*, 253 U. S. 350, 64 L. Ed. 946, 40 Sup. Ct. Rep. 468, 588. (See, also, *United States* v. *Reisenweber* (C. C. A.), 288 Fed. 520.)

3. Error is predicated upon the ruling of the trial court [3] permitting the state to introduce evidence that the general reputation of the boarding-house was that of a place where intoxicating liquors were kept and sold illegally. The overwhelming weight of authority sustains the ruling. (*State* v. *Hendricks*, 15 Mont. 194, 48 Am. St. Rep. 666, 39 Pac. 93; *Demartini* v. *Anderson*, 127 Cal. 33, 59 Pac. 207; *People* v. *Macy*, 43 Cal. App. 481, 184 Pac. 1008; *Pastime* v. *State*, 138 Tenn. 315, 197 S. W. 1089; *Ward* v. *State*, 15 Okl. Cr. 150, 175 Pac. 557; *Ryan* v. *United States* (C. C. A.), 285 Fed. 734; 33 C. J. 698; Blakemore on Prohibition, 248.)

4. It is urged that the evidence is insufficient to sustain the [4] finding that the place in question is a common nuisance. In addition to the evidence of general reputation, the state introduced the testimony of one D. H. Abbott to the effect that

on June 6, 1923, he and James Angus visited the place in question and then and there purchased from defendant Hart four drinks of moonshine liquor. We reaffirm what was said in *State* v. *Jenkins,* 66 Mont. 359, 213 Pac. 590; but we are satisfied that the evidence produced in this case is ample to meet the requirements of the rule there announced. (*McMillan* v. *Sumner,* 190 Iowa, 1108, 181 N. W. 464; *Ward* v. *State,* above.) In the case last cited it is said: "The reputation of the place as one where intoxicating liquors are kept for sale is an asset of trade, and as much a substantial element of the intent of the person who keeps liquors in such a place as is evidence that the place was fitted up with a bar and other fixtures and appurtenances of a liquor saloon. Intent to sell is as much an element of the offense of unlawful possession under our statute as is the intent to sell where the offense charged is the keeping and maintaining of a place where intoxicating liquors are received and kept for the purpose of sale."

5. In oral argument counsel for defendants contended that [5] the judgment herein does not conform to the provisions of the statute. Section 11067 provides: "And upon judgment of the court ordering such nuisance to be abated, the court may order that the room, house, building, structure, boat, vehicle, or place shall not be occupied or used for one year thereafter; but the court may, in its discretion, permit it to be occupied or used if the owner, lessee, tenant, or occupant thereof shall give bond with sufficient surety, to be approved by the court making the order, in the penal and liquidated sum of not less than five hundred dollars nor more than one thousand dollars, payable to the state of Montana, and conditioned that intoxicating liquor will not thereafter be manufactured, sold, bartered, kept, or otherwise disposed of therein or thereon, and that he will pay all fines, costs, and damages that may be assessed for any violation of this Act upon said property."

Viewed in the light of this statute, the judgment must be construed to mean that the premises in question shall not be occupied or used for one year, unless the court shall sooner permit them to be occupied or used. Thus construed, the judgment is unobjectionable, and is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER and STARK concur.

MR. JUSTICE GALEN: I concur specially. Query: Whether, after a nuisance in a building has been abated and suppressed, the owner may be deprived of the use and occupancy of the building for any period of time, irrespective of his knowledge of the nuisance? Is it competent for the legislature to thus ordain the economic destruction of property?

By subscribing to the opinion as written, I do not wish to convey the idea that I give sanction to a rule that tenanted premises may be abated as a nuisance and closed for all purposes for a year or lesser period of time as against the landlord, merely on account of the unlawful practices of a tenant. In my opinion, the landlord must be shown to have consented to the tenant's unlawful use of the rented premises or connived with the tenant at law violations, or it should be made to appear affirmatively that the landlord had knowledge of the unlawful use to which the tenant was devoting the premises for an appreciable length of time, and, although possessed of such information, took no steps to prevent it. It is my opinion that the reputation of the place rented, standing alone, is insufficient to warrant a judgment abating the premises for all purposes against the owner. There must and should be proof submitted sufficient to charge the owner with knowledge. The owner may reside far distant from the tenanted premises, and be wholly ignorant of the character of the tenant or the local reputation respecting the business conducted by the tenant.

Notwithstanding, if the property may thus be abated as a nuisance upon reputation only, the owner would be required to assume and pay all tax burdens, with no income returns whatever, thus depriving him of valuable property rights without due process of law. In the case before us, there is nothing in the record showing who the owner is, or where she lives, or whether she was in a position to know the reputation of the leased premises. The complaint in this action charges the owner of the rented premises "with full knowledge that the defendant Tim Hart  *  *  *  was using, occupying, and keeping said premises  *  *  *  for the purpose of keeping for sale, selling, or otherwise disposing of intoxicating liquors therein in violation of law."

In my opinion, in order to abate the premises against the owner, it was incumbent on the state, not only to so charge the owner, but to prove it; otherwise, a judgment against the owner would amount to the taking of her property without due process of law, in violation of the Constitution. (Sec. 27, Art. III.)

I have carefully examined the record and find no evidence whatsoever to support the charge against the owner of the building. However, as no complaint is made by such owner on that ground, I am constrained to concur in affirmance of the judgment.