(No. 6657. March 27, 1940.)

STATE, Respondent, v. HARRY SNODERLY and CHARLES INDERWIES, Doing Business Under the Firm Name and Style of BAVARIAN BEER GARDEN, and MAUD WALDRIDGE, Appellants.

[101 Pac. (2d) 9.]

Chapman & Chapman, Lionel T. Campbell and Paul S. Boyd, for Appellants.

J. W. Taylor, Attorney General, and R. W. Beckwith, Assistant Attorney General, for Respondent.

HOLDEN, J.—Appellant Maud Waldridge owned certain premises located in Twin Falls county about a mile west of Buhl on U. S. Highway No. 30. Appellants Harry Snoderly and Charles Inderwies operated thereon a "Bavarian Beer Garden." January 10, 1938, the State of Idaho filed a complaint in the district court of that county, under the provisions of sections 57 and 59 of the Idaho Liquor Control

Act (Sess. Laws 1935, chap. 103, p. 222) charging appellants Snoderly and Inderwies with operating (with the approval, consent and authorization of appellant Waldridge) a public nuisance contrary to and in violation of the provisions of the statute, and praying such premises be adjudged and decreed to be a nuisance and that appellants be enjoined and restrained from so using, operating or occupying the same, and that the premises be abated and locked to prevent such further use of the premises by appellants, their agents, representatives, assigns or grantees for a period of a year from the date of the decree.

Respondent annexed to its complaint an application for a temporary injunction, supporting the same by affidavits. Upon the application and supporting affidavits an order to show cause issued, returnable January 14, 1938. On the return day appellants moved to strike the supporting affidavits and also demurred to the complaint. February 3, 1938, the motion to strike was denied and the demurrer overruled. March 30, 1938, the state moved to vacate the order to show cause, which motion was granted April 5, 1938. April 22, 1938, appellants filed an answer to the complaint and the cause was thereupon tried by the court. August 30, 1938, findings of fact and conclusions of law were made and judgment signed. October 8, 1938, the findings and conclusions were filed and the judgment entered, adjudging the "Bavarian Beer Garden" to be a public nuisance and restraining and enjoining appellants from further operating and maintaining it. It was also adjudged and decreed that the premises be locked for a period of a year. The appeal is from the judgment.

Appellants earnestly contend "the legislature cannot confer jurisdiction upon equity to enforce criminal statutes, or to restrain the prosecution or the commission of criminal offenses, or to restrain or prevent crime, or to enforce a moral duty, or where it does not appear that the plaintiff has no plain, speedy or adequate remedy at law." We passed upon substantially the same contentions in *State v. Sawtooth Men's Club,* 59 Ida. 616, 623, 85 Pac. (2d) 695. We held:

"Jurisdiction of a court of equity over the abatement and suppression of a nuisance, either public or private, is settled,

and may be exercised although the nuisance is made by statute an indictable offense.''

And further:

'' 'The ground of this jurisdiction in cases of purpresture, as well as of public nuisances, is the ability of courts of equity to give a more speedy, effectual and permanent remedy than can be had at law . . . .This is a salutary jurisdiction, especially where a nuisance affects the health, morals or safety of the community.' ''

■ It is next contended ''evidence of sporadic or isolated sales of intoxicating liquor is insufficient to prove the establishment or operation of a nuisance,'' and that ''there must be a continuous offense or recurrent acts in order to constitute a nuisance; that is to say, no single act or two single acts are in themselves sufficient to constitute a public nuisance, but in order to constitute a public offense the place sought to be abated must be habitually, continuously, and recurrently used for the unlawful sale of intoxicating liquors.'' Similar contentions were made in *State v. Sawtooth Men's Club, supra* (p. 626). In disposing of the contentions we pointed out:

''It may be conceded that the cases are not altogether uniform upon the question as to whether proceedings to abate a nuisance can be sustained upon the proof of a single sale or act in violation of the statute. It has been held and we believe the weight of authority sustains the proposition that the *test* of a statutory nuisance, under a statute not prescribing the number of violations or the length of time violation must continue in order to constitute the offense, is *not* the number of sales made or the length of time liquor is kept upon the premises, *but is whether the place is maintained for the keeping and sale of liquor in the sense of the statute,* . . . . ''

■ It is further contended the evidence of three peace officers ''positively contradicted by seven reputable, substantial and permanent residents of the vicinity of these premises,'' is not sufficient to support the judgment. It is true a number of witnesses testified the general reputation of the Bavarian Beer Garden was ''good.'' On the other hand, three witnesses (as stated by appellants) testified the gen-

eral reputation of the ''Garden'' as ''being a place where alcoholic liquors are sold, kept with intent to sell or given away'' was ''bad.'' In addition, there is evidence of a ''knifing scrape'' which ''started inside and wound up outside of the 'Garden,' '' and also of another fracas—''Some of the boys from Buhl was out there [the Garden] and they had a little fracas. When I [Chief of Police of Buhl] got out there it was about over and I never went inside that night.''

This court has uniformly held the findings and judgment of a trial court made upon conflicting evidence will not be disturbed, where (as in the case at bar) there is substantial evidence to support them. (*Harp v. Stonebraker*, 57 Ida. 434, 65 Pac. (2d) 766; *Bachman v. Reynolds Irr. Dist.*, 56 Ida. 507, 55 Pac. (2d) 1314; *Mitchell v. Atwood*, 55 Ida. 772, 47 Pac. (2d) 680; *Duthweiler v. Hanson*, 54 Ida. 46, 28 Pac. (2d) 210; *Intermountain Assn. v. N. H. Hallstrom Coal Co.*, 53 Ida. 151, 22 Pac. (2d) 686; *Markham v. Davy*, 42 Ida. 545, 247 Pac. 12; *Black v. Black*, 33 Ida. 226, 191 Pac. 353; *Lisenby v. Intermountain State Bank*, 33 Ida. 101, 190 Pac. 355; *Consolidated Interstate-Callahan Min. Co. v. Morton*, 32 Ida. 671, 187 Pac. 791; *Fleming v. Benson*, 32 Ida. 103, 178 Pac. 482; *Brown v. Hardin*, 31 Ida. 112, 169 Pac. 293; *Hemphill v. Moy*, 31 Ida. 66, 169 Pac. 288; *Hardy v. Ward*, 31 Ida. 1, 168 Pac. 1075; *Casady v. Stuart*, 29 Ida. 714, 161 Pac. 1026; *Miller v. Blunck*, 24 Ida. 234, 133 Pac. 383; *Salisbury v. Spofford*, 22 Ida. 393, 126 Pac. 400; *Tomsche v. Hummel*, 18 Ida. 23, 108 Pac. 343; *Hutchinson v. Watson, Slough Ditch Co.*, 16 Ida. 484, 101 Pac. 1059; 133 Am. St. 125; *City of Pocatello v. Bass*, 15 Ida. 1, 96 Pac. 120; *Miller v. Donovan*, 13 Ida. 735, 92 Pac. 991, 13 Ann. Cas. 259; *Heckman v. Espey*, 12 Ida. 755, 88 Pac. 80; *Spaulding v. Coeur d'Alene Ry. etc. Co.*, 5 Ida. 528, 51 Pac. 408.) This rules applies to a suit in equity as well as an action at law. (*Hagan v. Clyde*, 60 Ida. 785, 97 Pac. (2d) 400, 402; *Portland C. & L. Co. v. Hansen L. & F. Co.*, 43 Ida. 343, 251 Pac. 1051; *Gould v. Hill*, 43 Ida. 93, 251 Pac. 167; *Wooten v. Dahlquist*, 42 Ida. 121, 244 Pac. 407; *Lus v. Pecararo*, 41 Ida. 425, 238 Pac. 1021; *Clinton v. Utah Const. Co.*, 40 Ida. 659, 237 Pac. 427; *Bedal v. Johnson*, 37 Ida. 359, 218 Pac. 641; *Viel v. Summers*, 35 Ida. 182, 209 Pac. 454; *Davenport*

*v. Burke*, 30 Ida. 599, 167 Pac. 481; *Wolf v. Eagleson*, 29 Ida. 177, 157 Pac. 1122; *Darry v. Cox*, 28 Ida. 519, 155 Pac. 660; *Jones v. Vanausdeln*, 28 Ida. 743, 156 Pac. 615; *Smith v. Faris-Kesl Const. Co.*, 27 Ida. 407, 150 Pac. 25; *Brown v. Grubb*, 23 Ida. 537, 130 Pac. 1073.)

 Other contentions are made, but as they are neither argued nor briefed, this court will not consider them. (*Carey v. Lafferty*, 59 Ida. 578, 584, 86 Pac. (2d) 168; *Louk v. Patten*, 58 Ida. 334, 343, 73 Pac. (2d) 949; *Thompson v. Walker*, 56 Ida. 461, 464, 55 Pac. (2d) 1300; *Crowley v. Idaho Industrial Training School*, 53 Ida. 606, 26 Pac. (2d) 180; *Winton Lumber Co. v. Kootenai County*, 53 Ida. 539, 26 Pac. (2d) 124; *Harris v. Chapman*, 51 Ida. 283, 5 Pac. (2d) 733; *Merchants Trust Co. v. Davis*, 49 Ida. 494, 290 Pac. 383; *Estate of Fisher*, 47 Ida. 668, 279 Pac. 291; *McGrath v. West End Orchard & Land Co.*, 43 Ida. 255, 251 Pac. 623; *Farrar v. Parrish*, 42 Ida. 451, 245 Pac. 934; *Nelson v. Johnson*, 41 Ida. 703, 243 Pac. 649; *Hardy v. Butler*, 39 Ida. 99, 226 Pac. 669; *Davenport v. Burke*, 27 Ida. 464, 149 Pac. 511.) Moreover, appellants have the burden of showing the existence of error prejudicial to them. (*Judy v. Reilly Atkinson & Co., Inc.*, 59 Ida. 752, 87 Pac. (2d) 451.)

Judgment affirmed with directions to the trial court to enter an order enforcing its judgment closing and locking the ''Garden'' for a period of a year from and after the entry of the order. Costs awarded to respondent.

Ailshie, C. J., and Budge and Givens, JJ., concur.

MORGAN, J.—I concur in the foregoing opinion with the exception of that portion which directs the trial court ''to enter an order enforcing its judgment closing and locking 'The Garden' for a period of a year from and after the entry of the order.''

It must be borne in mind this is not a criminal case, but is a civil suit to abate a nuisance. The remedy of padlocking premises, which is being conducted as a nuisance, is not intended as punishment of criminal conduct, but is for the purpose of abating the nuisance. When this has been accomplished the purpose of the statute providing for it has

been carried out. As pointed out in the foregoing opinion, the findings of fact were made August 30, 1938. The decree was rendered October 8, 1938, and an order of *supersedeas* was entered. We have no information with respect to how the business of the Bavarian Beer Gardens has been conducted since the findings of fact were made. There is nothing before us to justify an assumption that the nuisance sought to be abated still exists. If it does not exist, there is no occasion for invoking the remedy of abatement. The decree should be affirmed and the cause should be remanded to the trial court for such further proceedings as the facts before it will justify.