(No. 7213. December 21, 1944.)

J. E. GRAHAM, Respondent, v. FELIX HIRSCH, Appellant.

[154 Pac. (2d) 183.]

J. H. Felton for appellant.

Wilbur L. Campbell for respondent.

HOLDEN, C. J.—May 7, 1943, plaintiff and appellant Hirsch filed a complaint against one Doc Butler for the recovery of damages for the alleged conversion of personal property. October 2, 1943, Butler answered denying the material allegations of the complaint. January 25, 1944, respondent, J. E. Graham, by leave of the court, filed a complaint in intervention for the foreclosure of a chattel mortgage theretofore given by Hirsch to respondent Graham. February 9, 1944, Hirsch filed a cross-complaint against both Butler and Graham for the recovery of damages for the alleged conversion of the same personal property. Respondent Graham answered and denied each and all the material allegations of the Hirsch cross-complaint and Hirsch answered the Graham complaint in intervention admitting the execution of the chattel mortgage as well as the promissory note to Graham to secure which the chattel mortgage to Graham was given and then alleged respondent Graham participated in the acts of Butler in the alleged conversion of the personal property covered by the Hirsch complaint against Butler. The action in trover, the suit for the foreclosure of the chattel mortgage and the cross-action, Hirsch against Butler and Graham, were tried May 1, 1944 by the court, sitting without a jury. May 8, 1944, the court made and filed findings of fact and conclusions of law and on the same day rendered and entered judgment in favor of Hirsch against Butler for the sum of $1,672.75 and for costs and disbursements taxed at $131.75, and the trial court also rendered and entered judgment in favor of Graham and against Hirsch for the sum of $334.45, together with costs taxed at $9.50. July 5, 1944, Hirsch appealed from the judgment rendered and entered in favor of Graham "and from the refusal of the said District Court to enter judgment in the sum of $1,672.75 against J. E. Graham."

The record discloses a substantial conflict in the Hirsch cross-action against Butler and Graham on all the material issues formed by the pleadings in that action. As this court pointed out in *State v. Snoderly*, 61 Ida. 314, 318, 101 P. (2d) 9, we have "uniformly held the findings and judgment of a trial court made upon conflicting evidence will not be disturbed, where (as in the case at bar) there is substantial evidence to support them," citing numerous cases.

The judgment, therefore, is affirmed, with costs to respondent.

Givens and Dunlap, JJ., concur.

Ailshie and Budge, JJ., did not sit at the hearing and took no part in the decision in this case.