## L. B. POTTENGER v. THE STATE OF KANSAS, *on the relation of R. T. Herrick, County Attorney of Brown County.*

1. LIQUOR NUISANCE—*Injunction—Petition, not Demurrable.* In an action prosecuted by the county attorney under ¶ 2533 of the General Statutes of 1889, to enjoin the maintenance of a nuisance, the addition to the words "The State of Kansas," in the title of the action, of the words "*ex rel.* R. T. Herrick, county attorney of Brown county," although unnecessary, does not prejudice the rights of the defendant, nor render the petition demurrable.

2. EVIDENCE *Upholds Judgment.* Proof of several unlawful sales of whisky in the defendant's drug store is sufficient to uphold a judgment granting a perpetual injunction under the provisions of said section.

### *Appeal from Brown District Court.*

ACTION by *The State,* on the relation of R. T. Herrick, county attorney, against *L. B. Pottenger,* to enjoin the maintenance of a nuisance.   Judgment was rendered for plaintiff, and defendant brings error.

*James Falloon,* for appellant.

*John T. Little,* attorney general, and *W. F. Means,* county attorney, for The State.

The opinion of the court was delivered by

ALLEN, J.: This action was instituted under ¶ 2533 of the General Statutes of 1889, to enjoin the defendant from maintaining a nuisance, as defined by that section.   The first point made in the brief for the appellant is that the action was improperly brought in the name of the state, on the relation of the county attorney.   That part of the section authorizing such an action reads as follows: "The attorney general, county attorney, or any citizen of the county where such nuisance exists, or is kept, or is maintained, may maintain an action in the name of the state to abate and perpetually enjoin the same."   While we think there is no necessity for adding the name of any person as relator, and

that the state of Kansas is the real party in interest, we are unable to perceive that the addition of the name of the county attorney as relator is in any manner prejudicial to the defendant. The county attorney is authorized by the statute to prosecute the action in the name of the state, and this form has been followed in many cases heretofore brought to this court. ( *The State, ex rel., v. Durein,* 46 Kas. 695.)

The sufficiency of the evidence on which the injunction was granted is challenged. There was direct evidence of several sales of whisky by the defendant in the drug store described in the petition, and it is conceded that the defendant had no permit. It is not necessary, in order to authorize an injunction under the statute, that a great multiplicity of sales be proven. It is only necessary to show that the defendant's store was a place where intoxicating liquors were sold in violation of law. This was sufficiently proven by the testimony in this case. The judgment is affirmed.

All the Justices concurring.