John A. Lewis, Appellant, v. Wilbur Glenn Voliva, Appellee.

### Gen. No. 5267.

RELIGIOUS ORGANIZATIONS—*when chancery will not take jurisdiction.* Unless property interests are involved, chancery will not interfere in church disputes. In this case the court refused to determine the question who was the rightful leader of the church society in question but left the settlement of that dispute to the church membership.

Bill for injunction. Appeal from the Circuit Court of Lake county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed March 11, 1910. Rehearing denied April 13, 1910. *Certiorari* denied by Supreme Court (making opinion final).

COOKE, POPE & POPE, for appellant.

A. K. STEARNS and GEORGE W. FIELD, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

John A. Lewis, the appellant, filed a bill in equity

against Wilbur Glenn Voliva, the appellee, and obtained a temporary injunction, pursuant to the prayer thereof, from a master in chancery. Thereafter appellant began proceedings in vacation against appellee for contempt in violating said injunction. There was a hearing in vacation. A motion to dissolve the injunction was also heard in vacation. The court dissolved the injunction and discharged the proceeding in contempt. At the next term the court dismissed the bill for want of equity. This is an appeal from that decree.

The bill alleged that John Alexander Dowie founded the Christian Catholic Apostolic Church in Zion and was the first general overseer thereof and possessed the power to name his successor, and that he made a last will and testament which was duly admitted to probate; that he therein named appellant as his successor as general overseer; that appellee filed a bill in equity to contest said will, alleging that Dowie was mentally incompetent to make a will at the time that he executed that instrument, and that by a former will he appointed appellee his successor and general overseer, and that said suit to contest the will was still pending. Appellant alleged in the bill that he has possession of the Shiloh Tabernacle, wherein the religious services of said society are conducted in Zion City, Lake county, and of the office and archives of said Christian Catholic Church in Zion, which offices are located in the Administration Building in said Zion City and were occupied and used by Dowie in his lifetime. The bill alleged that appellee asserts and gives out to the world that he is the general overseer of the church; that appellee conducts religious services in another building in Zion City and collects tithes from those who adhere to him, both in Zion City and throughout the world. The bill alleges that Dowie published a weekly paper called "Leaves of Healing," wherein he published his sermons and gave religious notices and church news; that the publication thereof

was suspended for a time after the death of Dowie and that appellee obtained possession of the mailing list; that said paper was not conducted for profit or as a financial enterprise, but as a means of religious influence; that appellant resumed the publication of ''Leaves of Healing'' and that appellee also publishes a paper which he calls ''Leaves of Healing,'' and that appellant is embarrassed in the circulation of said paper by his inability to obtain access to said mailing list, which appellee refuses to him; that appellee also publishes a paper called ''Zion Herald,'' and that in said ''Zion Herald'' and in the ''Leaves of Healing'' published by appellee he asserts that he is the rightful general overseer and that appellant is not the rightful general overseer, and appellee therein appeals to the members of said Christian Catholic Apostolic Church in Zion throughout the world for their support in tithes and offerings; and also that appellee distributes handbills and posters in and about Zion City and vicinity nearly every week in which he assumes that he is the general overseer and urges his followers to read ''Zion Herald'' and ''Leaves of Healing'' issued by him, and that in some of said handbills he calls himself the successor of Dowie; that there was organized within said Church an association of seventy members, known as the Restoration Host, which Host is specially set apart for religious work under a special vow, and that this Host has come to be known as ''The Seventies'' and that appellee is organizing ''The Seventies.'' The bill sought an injunction restraining appellee and his agents from interfering with appellant in acting as general overseer of said Church and from attempting to exercise the office of general overseer thereof, from editing or publishing ''Leaves of Healing,'' from preventing appellant from having free access to and free use of the list of subscribers of ''Leaves of Healing,'' and from soliciting or receiving any tithes or offerings for the support of said church.

A court of equity will not interfere with the internal administration of a church, unless property rights are in some way involved. Appellant is in possession of the Tabernacle and the offices of the church in its administration building, and he conducts religious services in said Tabernacle and is not in any way hindered in the possession and use of said property by appellee. It appears by the will that Dowie believed himself to be possessed of large property and that he undertook to place the same in the hands of appellant as his trustee. It does not appear that appellee is seeking to obtain possession of any of that property, or is interfering with appellant in his use and control thereof. Appellee conducts religious worship in some other building in the same city. There is no claim that that building ever belonged to Dowie or that it belongs to the church. So far as appears, appellee is rightfully in possession of it. Appellee collects tithes there, but only from those who are his adherents and who choose to pay them to him. They are voluntary contributors. There is nothing to show that those who attend appellee's services would in any event pay tithes to appellant. Each issues a paper named "Leaves of Healing." It is not claimed that the papers are the same or that the public are misled into taking the one issued by appellee, supposing it to be the one issued by appellant. It is conceded that the paper is not conducted for profit, but only as a means of circulating religious literature and church notices. If appellant owns the mailing list, he can obtain it by a writ of replevin. But he does not seem to assert that it belongs to him, and in his brief he expressly denies that he claims the right to its possession. We fail to find anything in the bill which authorizes him to use it jointly with appellee. We are unable to see that any property rights can fairly be said to be submitted for litigation by this bill. The substantial charge is that appellant is in fact the general overseer of the church by the appointment of

Dowie, while appellee wrongfully asserts that he is the general overseer of the church. We fail to see in this contention any question over which a court of equity has jurisdiction, but are of opinion that if there is an organized body of persons who constitute said church, it must be left for that body to determine this question in accordance with its laws and usages, free from interference by the courts.

The decree is therefore affirmed.

*Affirmed.*