No. 20,821.

THE STATE OF KANSAS, *Appellee*, v. C. A. GLASS and A. A. GLASS, *Appellants*

SYLLABUS BY THE COURT.

1. LIQUOR NUISANCE — *Abatement — State Proper Plaintiff — Petition Properly Signed*. The state of Kansas is the plaintiff in an action to abate an intoxicating liquor nuisance, and it is not necessary that the petition show in the title that the action is prosecuted on the relation of any person or officer. The petition is properly signed.

2. SAME—*Abatement—Sufficient Petition*. In an action to abate a liquor nuisance, a cause of action was stated in a petition which alleged that at the place described a nuisance, as defined in the statute, was maintained with the knowledge, permission and consent of the defendants, who owned the property.

3. SAME—*Sufficient Evidence*. The evidence was sufficient to warrant the judgment rendered.

4. SAME—*Finding—Evidence*. The finding of the court that the defendants had knowledge of the unlawful use of their premises was sustained by the evidence.

5. SAME—*Injunction Against Owner of Premises*. An injunction will lie against the owner of premises who knowingly permits a nuisance to be maintained thereon.

6. SAME—*Amendment to Petition—Additional Attorney's Fees—Judicial Discretion*. The granting of permission to amend a petition so as to ask for additional attorney's fees is within the sound discretion of the trial court.

7. SAME—*Value of Attorney's Service—Proof*. Attorney's fees may be allowed without proof of the value of services rendered, where the services were rendered in the presence of the court.

8. SAME—*Abatement—Nature of Judgment.* An injunction against maintaining a liquor nuisance should be broad enough to preclude every possibility of the continuation or reopening of the nuisance by the persons enjoined or by anyone acting for, by, through or under them, or either of them, or with their permission.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed November 11, 1916. Affirmed.

*John Madden,* and *C. E. Cooper,* both of Parsons, for the appellants.

*S. M. Brewster,* attorney-general, *W. P. Montgomery,* assistant attorney-general, and *Elmer W. Columbia,* county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff obtained an injunction against the defendants under the intoxicating liquor law of this state and the defendants appeal.

1. The title to the action, as set out in the petition, is: *"The State of Kansas, Plaintiff, vs. A. A. Glass and C. A. Glass, Defendants."* The opening statements of the petition are:

"Now comes the plaintiff herein the State of Kansas, by W. P. Montgomery, Assistant Attorney General of Labette County, Kansas, and for cause of action against the said defendants, and each of them, alleges:"

The petition is signed "W. P. Montgomery, Attorney for Plaintiff," and is verified on information and belief. The defendants contend that the petition is insufficient because the action is not prosecuted on the relation of W. P. Montgomery and because the petition is not signed by W. P. Montgomery as assistant attorney-general. In *Pottenger v. The State, ex rel.,* 54 Kan. 312, 38 Pac. 278, an action to enjoin the maintenance of a liquor nuisance, this court, in speaking of the necessity for adding the name of a relator, said:

"We think there is no necessity for adding the name of any person as relator." (p. 312.)

The petition is signed by W. P. Montgomery. It shows his official capacity and follows the language generally used in petitions in such actions in this state. This is all that is necessary. The defendants' objection is not well founded.

2. The defendants objected to the introduction of evidence under the petition on the ground that it did not state facts sufficient to constitute a cause of action. The petition alleged, in substance, that at the place named, a nuisance, the character of which was described, was maintained with the knowledge, permission and consent of the defendants who owned the property. The petition alleged all that was necessary.

3. The defendants insist that the evidence was not sufficient to warrant the court in rendering judgment against them. The evidence established that the defendants were the owners of the premises in question; that the building situated thereon was divided into several rooms; that each of the defendants occupied a room in the building as a place of business; that intoxicating liquors were sold and drunk on the premises; that intoxicated persons congregated and stayed there; that raids on the place were made by the police department of the city of Parsons; that the building was known as "West Point," and that "West Point" had the general reputation of being a place where intoxicating liquors were sold, drunk and given away in violation of law. Each of the defendants testified that he knew nothing of the sale of any intoxicating liquor on the premises. The trial court found otherwise, and that finding was justified by the evidence. The objection that the evidence was not sufficient to warrant judgment against the defendants is without foundation.

4. The court found as follows:

"Twentieth: From the circumstances shown by the evidence, and the findings as detailed in the preceding nineteen special findings, the court finds that defendants and each of them had knowledge and notice of the unlawful sale of intoxicating liquors on the premises, of the drinking of the same on the premises as a beverage, and that persons congregated there for all of said purposes."

The defendants contend that this finding was contrary to the evidence. The finding was not only supported, but was amply justified by the evidence set out in the defendant's abstract.

5. The defendants insist that the testimony did not prove that a nuisance had been kept or maintained by them. It was not necessary to prove that they had kept or maintained the nuisance. It was sufficient if the evidence proved that the

nuisance had been kept and maintained with the knowledge, permission or consent of the defendants.

6. The petition, as originally filed, asked for one hundred dollars attorney's fee. On the trial the court permitted an amendment so as to make the petition ask for an attorney's fee of two hundred dollars. The defendants complain of this. The granting of such permission was within the sound discretion of the trial court.

7. Complaint is made that two hundred dollars attorney's fee was allowed without proof of the value of the services rendered. This was not error. The services were rendered largely in the presence of the court. In *The State v. Porter,* 76 Kan. 411, 91 Pac. 1073, this court said:

"In many lawsuits the more burdensome part of the lawyer's duties are discharged out of court and beyond the observation of the judge, and in such cases evidence would be required thereof in court. In this case it is evident that his own senses and observation were the best witnesses possible to the judge, and this court is able to say from the record that under the circumstances the sum allowed as fees was not unreasonable for the services rendered." (p. 415.)

8. The judgment enjoins the defendants and each of them, and their agents, servants, employees, successors and assigns, and each of them, and all other persons, from keeping, maintaining or operating, or permitting to be kept, maintained or operated, in or upon the premises described, or in the buildings situated thereon and appurtenant thereto, a place where intoxicating liquors are kept for sale, barter or delivery in violation of law; and from selling, bartering or giving away, or permitting to be sold, bartered or given away, intoxicating liquors on said premises in violation of law; and enjoins all persons from entering into or congregating upon the premises for the purpose of drinking intoxicating liquors as a beverage, or from in any manner assisting in placing intoxicating liquors on said premises to be used in violation of law. The defendants contend that this judgment is too broad in its scope, and that it subjects the defendants to burdens unwarranted by the facts. There is no burden imposed on the defendants or either of them, except that of not using their premises in violation of law nor permitting them to be so used by others. When it is shown that a place is a common nuisance, under the liquor law of this state, and an injunction is granted to abate that nui-

sance, the judgment should be broad enough to preclude every possibility of the continuation or reopening of the nuisance by the persons enjoined, or by any one acting for, by, through or under them, or either of them, or with their permission.

The judgment is affirmed.