No. 25,806.

The State of Kansas, ex rel. B. W. Berg, County Attorney of Montgomery County, *Appellee,* v. Charles Richardson et al., *Appellants.*

SYLLABUS BY THE COURT.

1. Liquor Law—*Injunction—Enjoining the Keeping of a Common Nuisance— Sufficient Evidence.* In an action to enjoin the keeping of a common nuisance the evidence examined and held sufficient to support the judgment.

2. Same—*No Error in Record.* Various other assignments of error held not to be well founded.

Appeal from Montgomery district court; Joseph W. Holdren, judge. Opinion filed November 8, 1924. Affirmed.

*P. L. Courtright,* of Independence, for the appellants.

*Charles B. Griffith,* attorney-general, *B. W. Berg,* county attorney, *W. B. Grant,* assistant county attorney, and *Charles D. Shukers,* city attorney, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.:  The state obtained an injunction against the defendants under a petition charging them with keeping a place where persons were permitted to resort for the purpose of drinking intoxicating liquors, for the purpose of gambling, where women and men were permitted to resort for the purpose of having illicit intercourse, and keeping a house of assignation and prostitution.  The defendants appeal.

The action was filed jointly by the state and the city of Independence.  A temporary injunction was granted at the beginning of the action.  Trial was had on April 30, 1924, and the injunction made permanent.  The appeal appears to be taken largely on the ground that the evidence was not sufficient to warrant the court in entering a permanent injunction.

The evidence showed that the defendant Richardson was the owner of the premises; that he had there conducted a rooming house for colored people for more than two years; that a number of people had been arrested on the premises for being intoxicated and disturbing the peace; others had been arrested and convicted for gambling on the premises; that some half dozen young colored women had rooms there for which they were paying $3 per week, and with no visible means of support; that colored men and women to the number of fifteen or twenty sometimes congregated on the premises, visiting those that were rooming there; that the police were frequently called there to make arrests or to quiet disturbances; that the young women who had rooms were frequently seen in front of the place with the appearance of advertising their business; that a young colored man shot another while in the room of a colored woman who roomed there; that the man who did the shooting pleaded guilty to the charge of assault with intent to kill, and was sentenced to the penitentiary; that this colored woman, who was notoriously known as "Stingaree," continued to room there with Richardson's consent and approval; that Richardson and his wife lived upstairs in rooms adjoining twelve other rooms occupied by these men and women; that one James McNeal and a colored woman named Tolliver occupied adjoining and connecting rooms for more than a year with Richardson's knowledge and consent, and that the door between the rooms was usually open; that these parties used the rooms so indiscriminately that others who visited there

were confused as to which room belonged to the woman and which to the man; that six men were arrested in one of the upstairs rooms charged with shooting craps, all of whom were convicted in police court and upon appeal to the district court were again convicted of gambling; that in another room six men were arrested charged with playing poker for money, and the keeper of the room, James McNeal, was convicted of running a gambling room; that McNeal appealed to the district court, thereafter dismissed his appeal and paid his fine in police court.

The defendants contend that the numerous and sundry infractions of the law above briefly narrated were not committed with the permission of the defendants; that the defendants used all reasonable and lawful means in their power to prevent and avoid the occurrence of such wrongful acts about or near their premises. It would serve no useful purpose to set out or analyze the testimony of the various witnesses. It is sufficient to say that notwithstanding the denials and protestations of the defendants there was abundant evidence to support the judgment of the trial court. The defendants rely on the case of *The State v. Glass,* 99 Kan. 159, 160 Pac. 1145 and say that, "In order to make a case against the defendants it was necessary for the state to allege and prove that the nuisance was maintained with the knowledge, permission and consent of the defendants." The cited case does not sustain defendants' contention. In the opinion it was said:

"The defendants insist that the testimony did not prove that a nuisance had been kept or maintained by them. It was not necessary to prove that they had kept or maintained the nuisance. It was sufficient if the evidence proved that the nuisance had been kept and maintained with the knowledge, permission or consent of the defendants." (161.)

The record presents no error. The judgment is affirmed.