(No. 16848.—Judgment reversed.)
THE STATE OF ILLINOIS, Defendant in Error, *vs.* TONY
BRUSH, Plaintiff in Error.

*Opinion filed October 28, 1925.*

1. PROHIBITION—*Prohibition act does not authorize injunction
against creating nuisances in future.* Neither section 22, section 24
nor any other provision of the Prohibition act authorizes a decree
enjoining the creation of a nuisance in the future by the illegal
use of real estate not at the time used or threatened to be used
illegally in connection with the manufacture or sale of intoxicating
liquors, and the court cannot generally enjoin such use of any and
all premises in the county or State.

2. NUISANCES—*general rule as to jurisdiction of equity to en-
join nuisances.* Injury to property or civil rights is the founda-
tion of the jurisdiction of courts of equity to abate nuisances, and
it is not within their province, in general, to enforce the criminal
law or the principles of morality, but equity has jurisdiction to
abate public nuisances, although those engaged in their mainte-
nance are amenable to the criminal law and although no question
of damage to property is involved, on the ground that there has
been an invasion of public rights and that the public safety and
morality are concerned.

WRIT OF ERROR to the Appellate Court for the Third
District;—heard in that court on writ of error to the County
Court of Christian county; the Hon. C. J. VOGELSANG,
Judge, presiding.

JOHN G. FRIEDMEYER, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, CARL H.
PREIHS, State's Attorney, and JAMES B. SEARCY, for de-
fendant in error.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the
court:

A decree was entered in the county court of Christian
county on December 31, 1923, upon a bill filed by the State's
attorney in the name of the State of Illinois, enjoining
Tony Brush from manufacturing, selling, bartering, keeping

or storing intoxicating liquor at, in, about or upon the north half of lot 7, in block 4, of Tacusah's addition to the city of Assumption, or in any building or structure thereon, contrary to the Illinois Prohibition act, ordering the sheriff to take charge of the premises, close them and keep them closed, according to the terms of the decree, for the period of one year, and enjoining Brush from using or occupying the premises and buildings for that period. It was further ordered that Brush be perpetually enjoined from manufacturing, selling, bartering, keeping or storing intoxicating liquor upon any other premises in the county of Christian or the State of Illinois in violation of the provisions of the Prohibition act. At the June term, 1924, an information was filed by the State's attorney charging that on April 26 Brush violated the injunction by having in his possession at his place of residence in the city of Assumption one and a half gallons of an intoxicating liquor known as "white mule," the same then and there containing more than one-half of one per cent of alcohol by volume and then and there being fit and suitable for beverage purposes, with the intent of selling the same in violation of the Prohibition act of Illinois, and that on June 13 he again violated the injunction by having in his possession at his place of residence in the city of Assumption one-half gallon of intoxicating liquor known as "white mule," suitable for beverage purposes, with intent to unlawfully sell the same in violation of the Prohibition act. The defendant was arrested, his motion to quash the information was denied, there was a hearing on the information, and he was found guilty of contempt of court and sentenced to pay a fine of $500 and be confined in the county jail for 150 days. The Appellate Court affirmed the conviction, and the defendant has sued out a writ of error to the Appellate Court to review its judgment.

There was no evidence that the defendant violated the injunction against manufacturing or having in his posses-

sion any intoxicating liquor on the premises described in the decree. There was evidence that the sheriff and his deputies on April 26 and June 13 entered the residence of the defendant on lots 88, 90 and 92, in block 6, in Assumption, which were different premises from those mentioned in the decree, and found there each time intoxicating liquor. The defendant was not present on either visit. The only evidence as to his whereabouts at the time of the first visit was his own testimony that he had gone to Springfield ten days before and returned on April 26, after the sheriff's deputies had been at his house. On June 13 it appeared that he had gone with his wife and four children to Vandalia in the forenoon, leaving only his mother, who was eighty years old, in the house, and did not return until late at night, after the visit of the officers.

The search warrants under the supposed authority of which the officers entered the defendant's dwelling, the affidavits upon which they were issued, and the liquors seized, were admitted in evidence, and the plaintiff in error insists that they were all incompetent; that the affidavits were not sufficient in law to justify the issuing of the search warrants; that the action of the officers and the search made under such warrants were illegal, and that the articles seized, because of the alleged unauthorized and unlawful search by which they were obtained, were not competent evidence against him. He further contends that the information did not charge him with a contempt of the decree or a violation of its terms because it did not charge the possession of the liquor on the premises mentioned in the decree, and this is a valid objection to the judgment, regardless of all other questions in the case. It is true that the decree, after ordering that no intoxicating liquor should be kept upon the premises described in the bill and ordering such premises closed for a period of one year, proceeded to order a perpetual injunction against keeping intoxicating liquor not only in the premises described but in any other place in

the county of Christian or the State of Illinois in violation
of the Prohibition act.  The power of the legislature to
authorize the county court to enter such a decree on a bill
which charged only the maintenance of a common nuisance
on certain described premises but no intention of violating
the Prohibition act in any other particular, and did not de-
scribe any property to be affected by the decree other than
that described in the bill, may be doubted.  Whatever may
be thought of the legislative power to confer such authority,
it is certain that the Prohibition act did not confer it.  The
intention of the legislature must be ascertained from the
language used, and the language of the act does not pur-
port to confer any such authority.  Section 22 provides for
the procedure by which nuisances occasioned by the illegal
use of real estate in connection with the manufacture or
sale of intoxicating liquors may be abated by proceedings
in equity, but it contains no provision for the granting of
injunctions against the creating of nuisances in the future
by the illegal use of real estate not at the time used or
threatened to be used illegally in connection with the manu-
facture or sale of intoxicating liquors.  Section 24 provides
that any person who shall, with intent to effect a sale of
liquor, keep or carry around on his person, or in a vehicle
or other conveyance, or leave in a place for another to se-
cure, any liquor, or who shall travel to solicit, or solicit or
take or accept, orders for the sale, shipment or delivery of
liquor, is guilty of a nuisance and may be restrained by in-
junction, temporary or permanent, from doing or continu-
ing to do any of said acts.  The injunction was not against
any of these acts and did not purport to enjoin them.  This
section deals with the acts of persons going about carrying
the liquor on their persons, or in vehicles or otherwise, for
the purpose of peddling or soliciting or taking orders for
sales.  The language is not descriptive of the act of main-
taining a nuisance by the use of premises in an unlawful
manner in connection with the manufacture and sale of in-

toxicating liquor. It cannot, therefore, confer authority to enjoin such use of any particular premises or of all premises in the county or State, and does not purport to do so. The section applies only to persons who shall do the acts mentioned. It declares the persons doing such acts guilty of a nuisance and provides that they may be enjoined from doing or continuing to do any of such acts, but no such injunction was granted by the decree which is the basis of this prosecution for contempt.

Injury to property or civil rights is the foundation of the jurisdiction of courts of equity, and it is not within their province, in general, to enforce the criminal law or the principles of morality. (*People* v. *Prouty*, 262 Ill. 218; *Cope* v. *Fair Ass'n*, 99 id. 489; *Sheridan* v. *Colvin*, 78 id. 237.) Equity has jurisdiction, however, to abate public nuisances although those engaged in their maintenance are amenable to the criminal law and although no question of damage to property is involved, on the ground that there has been an invasion of public rights and that the public safety and morality are concerned. *Stead* v. *Fortner*, 255 Ill. 468.

The decree of the county court of Christian county, so far as it purported to enjoin the plaintiff in error from manfacturing, selling or keeping intoxicating liquor on any premises in the State of Illinois, is void. It merely enjoins the plaintiff in error, generally, from the commission of a certain class of crimes, aud it is not within the general powers of a court of equity and is not authorized by the statute. Since the decree was void, the plaintiff in error was not guilty of contempt of court if he disregarded it.

The judgments of the Appellate Court and of the county court will be reversed.          *Judgment reversed.*