Milton Booth et al., Appellees, v. George Roy Baker et al., Appellants.

Gen. No. 35,741.

Heard in the third division of this court for the first district at the February term, 1932. Opinion filed December 21, 1932. Rehearing denied January 6, 1933.

CHARLES A. SCHREIBER, for appellants; LEON N. MILLER and DAVID L. APFELBAUM, of counsel.

JAMES N. LORENZ, for appellees.

MR. JUSTICE HALL delivered the opinion of the court.
This is an appeal from a decree of the superior court of Cook county in a proceeding in chancery by Milton Booth and Albert Weber, suing individually and as president and trustee of the Chicago Coal Teamsters, Chauffeurs and Helpers Union, and Yard-Men and Coal Hikers Union, Local Unions Nos. 704 and 701 respectively, of the Chicago Teamsters, Chauffeurs and Helpers Union of Chicago and Vicinity, against appellants and other defendants named in the bill, restrain-

ing and enjoining appellants and such other defendants, their agents, servants and associates, from pretending to be the officers or trustees, or board of trustees, or executive board of the Chicago Coal Teamsters, Chauffeurs and Helpers Union, Local No. 704, or Yard-Men and Coal Hikers Union Local No. 701, and from announcing or asserting or pretending that they are such officers and have any authority or power to act in that capacity. By the injunction order the defendants are also enjoined from dealing with or transacting any business as officers of said Chicago Coal Teamsters, Chauffeurs and Helpers Union Local No. 704 and Yard-Men and Coal Hikers Union No. 701.

By the bill it is alleged that these unions are voluntary associations in good standing, and are composed of more than 1,700 members in good standing, and that the complainant, Milton Booth, is a member and president of Local Union No. 704 and Local Union No. 701, and that Albert Weber is a member and trustee of Local Union No. 704 and Local Union No. 701; that they have been president and trustee respectively for such local unions for a number of years last past, and that Milton Booth is 4th vice president of the general executive board of said Chicago Coal Teamsters, Chauffeurs and Helpers Union of Chicago and Vicinity. In general terms, the bill recites that appellants and other defendants named are not members in good standing of the various unions referred to. The bill charges that on March 8, 1931, the defendants organized a meeting, attended by them and other persons unknown to the complainants, and without notice of the meeting to the complainants or to other members of Local Union No. 704 and Local Union No. 701, pretended to elect the defendants, George Roy Baker, president, James Lynch, secretary-treasurer and business agent, Frank Kasper, chairman of the board of trustees, Walter Thomas, vice president, Walter J. Col-

lins, recording secretary, Grant Irwin, business agent, and G. McGregor, trustee, of Local No. 704 and Local No. 701 respectively; that at an adjourned meeting on March 15, 1931, the persons mentioned proceeded to elect trustees of these unions. The bill recites further that these persons who held this pretended election, did so in violation of the by-laws of the various organizations, and without right; that the complainants are the regularly elected and qualified officers of such associations, and that the defendants are disrupting and disorganizing these associations to the detriment of the members thereof.

There is no allegation in the bill that any property right is jeopardized or involved in the alleged acts of the defendants. In 14 Ruling Case Law, page 365, we find the following, which seems to be a fair statement of the law in this regard:

"It may be stated generally that the office of an injunction is the protection of property and rights of property, and that such relief will not be granted to relieve from all the annoyances caused by those who are inconsiderate of the feelings and business interest of others, or generally to protect political or personal rights."

In *Lewis v. Voliva*, 154 Ill. App. 48, a bill was filed in which it was prayed that an injunction issue restraining one Voliva and his agents from interfering with the complainant as general overseer of a church, and for other relief not involving any property rights. The injunction was denied, and on appeal by complainant to the Appellate Court of the 2nd District, in its opinion in which the decree of the trial court was affirmed, the Appellate Court said:

"A court of equity will not interfere with the internal administration of a church unless property rights are in some way involved. . . . We are unable to see that any property rights can fairly be said

to be submitted for litigation by this bill. . . . We fail to see in this contention any question over which a court of equity has jurisdiction, but our opinion is that if there is an organized body of persons who constitute said church, it must be left for that body to determine this question in accordance with its laws and usages, free from interference by the courts."

In *Sheridan v. Colvin,* 78 Ill. 237, the rule is announced as follows:

"It is elementary law that the subject matter of the jurisdiction of the court of chancery is civil property. The court is conversant only with questions of property and the maintenance of civil rights. Injury to property, whether actual or prospective, is the foundation on which the jurisdiction rests," and in *State v. Brush,* 318 Ill. 307, the Supreme Court says:

"Injury to property or civil rights is the foundation of the jurisdiction of courts of equity."

In the instant case, complainants seem to rely principally on *Guilfoil v. Arthur,* 158 Ill. 600. In that case, a bill was filed by the officers of the International Brotherhood of Locomotive Engineers against John H. Guilfoil, in which it was alleged that certain real estate had been conveyed to Guilfoil in trust for the widows and orphans of deceased members of the Brotherhood of Locomotive Engineers; that Guilfoil had entered into possession of the property with his family, and had received the use, rents and profits of the property and converted them to his own use, and had refused to account to the officers of the Brotherhood for such rents and profits. The bill prayed that an accounting be had of such rents and profits and that a decree be rendered in favor of the officers of the Grand International Brotherhood of Locomotive Engineers. In that case, the court decreed such an accounting upon the theory that a property interest was involved. It is useless to cite further authorities, for

it is generally held by the courts of this State that equity will not take jurisdiction unless some property right is involved, which is not the case here.

The decree of the superior court of Cook county ordering the injunction to issue, is reversed and remanded.

*Reversed and remanded.*

WILSON, P. J., and HEBEL, J., concur.