186 P.2d 868

STATE ex rel. GOOD, Prosecuting Attorney,
v. EVANS et al.

No. 7357.

Supreme Court of Idaho.

Nov. 12, 1947.

John R. Black, of Pocatello, for appellants.

Donald R. Good and Robert M. Kerr, Jr., both of Blackfoot, for respondent.

HYATT, Justice.

This is a companion case to State v. Boyle et al., 67 Idaho 512, 186 P.2d 859. Questions raised by this appeal other than the sufficiency of the evidence are included and disposed of in that case.

Appellant Roy as occupant was conducting operations on the premises involved under the name of "Henry's Place," with the knowledge, consent and acquiescence of the appellants Evans, Hansen and McBride, the owners of the property. The premises were not occupied or operated as a state liquor store or dispensary.

Two investigators of the State Liquor Law Enforcement Division entered "Henry's Place" on September 13, 1946, about 4:30 P.M. and each purchased a drink of whiskey for fifty cents per drink from a bartender on duty behind a bar. The whiskey was served in small whiskey glasses, but the container from which it came was not in sight. The room was outfitted with a bar, two card tables, a cigar stand and candy case. On December 17, 1946, at 8:30 P.M. two other investigators for the Liquor Law Enforcement Division visited the establishment and each purchased a drink of whiskey at the bar from the bartender on duty. The whiskey was poured by the bartender from underneath the bar. The Chief of Police of Blackfoot testified that the reputation of the place for a period of time prior to September 26th, 1946, was that liquor could be purchased there. The Sheriff of Bingham County testified that on September 26, 1946, and for a long time prior thereto, the general reputation of the place was that liquor could be obtained there, and that the place also had a general reputation as a cigar store, confectionary and beer hall. None of the appellants testified.

Under the authority of State v. Boyle, supra, and the holdings therein, the evidence was sufficient to justify the trial court in finding and concluding that a nuisance existed and was being continued. Likewise, under the authority of that case the decree of the trial court is hereby modified by eliminating the words "or any other place within Bingham County, Idaho," and as so modified is affirmed. As to the personal property and fixtures in the premises used in carrying on lawful businesses, appellants are protected by the decree which provides that the personal property and fixtures used in aiding and abetting in the maintenance of the nuisance shall be removed and sold. Any movable property or fixtures not shown by the evidence to have been directly used in the sale or serving of whiskey should be and are excluded from the operation of the decree.

Costs to respondent.

BUDGE, C. J., and GIVENS, HOLDEN, and MILLER, JJ., concur.