186 P.2d 867

STATE ex rel. GOOD, Prosecuting Attorney,
v. HOLMES et al.

No. 7359.

Supreme Court of Idaho.

Nov. 12, 1947.

John R. Black, of Pocatello, for appellants.

Donald R. Good and Robert M. Kerr, Jr., both of Blackfoot, for respondent.

HYATT, Justice.

This is a companion case to State v. Boyle et al., 67 Idaho 512, 186 P.2d 859. Questions raised by this appeal other than the sufficiency of the evidence are included and disposed of in that case.

Appellant Holmes as occupant was conducting operations on the premises involved under the name of the "Curley Q Club," with the knowledge, consent and acquiescence of the appellants Christensen and Falk, who along with Holmes, were the owners of the property. The premises were not occupied or operated as a state liquor store or dispensary.

It appears that two investigators for the State Liquor Law Enforcement Division entered the place about 11:30 P.M. on September 11th, 1946, by a rear door, after their knock was answered by a woman who invited them in. Several other people were in the place. The investigators walked up to a bar and upon order each received a drink of whiskey served in a small whiskey glass, from a woman bartender behind the bar, and paid therefor fifty cents per drink. They then purchased another drink of whiskey each at the same price, after which they each were served a third drink by the bartender for which no charge was made. Behind the bar another woman was washing and shining glasses. The investigators observed that their whiskey was served out of a bottle labeled "UDL." Nothing appears about the fix-

tures and furniture in the room other than it being outfitted with a bar. The State was unable to establish anything about the reputation of the place and none of the defendants testified. The wife of appellant Holmes, called as a witness by the defendants, testified that the place was operated as a membership club, and that members or prospective members were asked to bring their own "bottles." From her testimony the inference is clear that this room was used as a place where people were permitted to resort for the purpose of drinking whiskey or having whiskey served them. On December 17th, 1946, two other investigators for the State were admitted by a door tender who answered their knock at the door. They ordered a straight whiskey each from a lady bartender behind the bar, and received the same served in small whiskey glasses, for which they paid fifty cents per drink.

Under the authority of State v. Boyle, supra, and the holdings therein, the evidence was sufficient to justify the trial court in finding and concluding that a nuisance existed and was being continued. Likewise, under the authority of that case the decree of the trial court is hereby modified by eliminating the words "or any other place within Bingham County, Idaho," and as so modified is affirmed.

Cost to respondent.

BUDGE, C. J., and GIVENS, HOLDEN, and MILLER, JJ., concur.