186 P.2d 869

**STATE ex rel. GOOD, Prosecuting Attorney,**
**v. HANSEN et al.**

No. 7358.

Supreme Court of Idaho.

Nov. 12, 1947.

John R. Black, of Pocatello, for appellants.

Donald R. Good and Robert M. Kerr, Jr., both of Blackfoot, for respondent.

HYATT, Justice.

This is a companion case to State v. Boyle et al., 67 Idaho 512, 186 P.2d 859. Questions raised by this appeal other than the sufficiency of the evidence are included and disposed of in that case.

Appellant Roy as occupant was conducting operations on the premises involved under the name of "The Empire Bar," with the knowledge, consent and acquiescence of the owners, appellants Hansen and Mc-Bride. The place was not occupied or operated as a state liquor store or dispensary.

Two investigators for the State Liquor Law Enforcement Division entered the premises about 6:30 P.M. on September 11, 1946, and each purchased from a bartender on duty behind a bar a drink of whiskey served in a small whiskey glass for fifty cents per drink. On September 12, 1946, about 3:00 P.M. the same two investigators went back to the premises and each purchased another drink of whiskey at the same price, which was also served in a small whiskey glass at the bar by the same bartender. At no time did they see the container or bottle from which the whiskey came. A pool hall, cigar store and retail beer business were also conducted on the premises. The investigators noted on these two visits to the Empire Bar, as well as on two or three other occasions on September 11th and 12th when they visited the

premises but did not purchase whiskey, that whiskey was sold to others; that is, they saw a brown fluid put out in glasses on the bar by the bartender, and money taken by him for such drinks from customers. On December 14, 1946, two other investigators for the Liquor Law Enforcement Division entered the premises and at the bar ordered a drink of whiskey each which was served them by the bartender on duty, and for which they paid fifty cents for each drink. They did not see the container from which the whiskey came, but the bartender got the same from under the bar. The Chief of Police of Blackfoot testified that the general reputation of the Empire Bar on September 26, 1946, and for a long time prior thereto was that the same was known as a place where liquor could be obtained and that it had that general reputation in the community. The Sheriff of Bingham County also testified that the general reputation of the establishment was that of a place where liquor could be obtained. None of the defendants testified.

Under the authority of State v. Boyle, supra, and the holdings therein, the evidence was sufficient to justify the trial court in finding and concluding that a nuisance existed and was being continued. Likewise, under the authority of that case the decree of the trial court is hereby modified by eliminating the words "or any other place within Bingham County, Idaho," and as so modified is affirmed. As to the personal property and fixtures in the premises used in carrying on lawful businesses, appellants are protected by the decree which provides that the personal property and fixtures used in aiding and abetting in the maintenance of the nuisance shall be removed and sold. Any movable property or fixtures not shown by the evidence to have been directly used in the sale or serving of whiskey should be and are excluded from the operation of the decree.

Costs to respondent.

BUDGE, C. J., and GIVENS, HOLDEN, and MILLER, JJ., concur.