186 P.2d 859

**STATE ex rel. GOOD, Prosecuting Attorney,**
**v. BOYLE et al.**

No. 7360.

Supreme Court of Idaho.

Nov. 12, 1947.

John R. Black, of Pocatello, for appellant.

Donald R. Good and Robert M. Kerr, Jr., both of Blackfoot, for respondent.

516

HYATT, Justice.

This is an appeal by James E. Burrup from a decree in a suit under Article X of Chapter 222 of the 1939 Laws to abate a liquor nuisance on certain premises, commonly known as the "Chuck Wagon," situate in the City of Blackfoot.

The pertinent facts will be discussed in connection with each assignment of error.

Appellant complains that there is neither pleading nor proof of the authority of Donald R. Good to maintain the action, urging it is essential that the pleadings show a sufficient interest or right in the complainant to sue, and the court, therefore, had no jurisdiction to hear the case. The body of the complaint contains no allegation that Donald R. Good is the Prosecuting Attorney of Bingham County, Idaho, and there was no proof to that effect. Section 1005, Article X, Chapter 222 of the 1939 Laws provides:

"Action for Maintenance. The prosecuting attorney may maintain an action of an equitable nature, as relator, in the name of the State of Idaho, to abate a liquor nuisance, perpetually to enjoin all persons from maintaining the same, and to enjoin the use of any structure or thing adjudged to be a liquor nuisance."

The caption of this action is: "State of Idaho, on relation of Donald R. Good, Prosecuting Attorney of Bingham County, Idaho, Relator, Plaintiff," etc. The opening part of the complaint reads:

"Comes now the plaintiff above named in the above entitled action, by the County of Bingham, State of Idaho, upon relation of Donald R. Good, Prosecuting Attorney of Bingham County, Idaho, and complaining of the defendants, etc."

The complaint is signed "Donald R. Good, Prosecuting Attorney, Bingham County, Idaho," and was duly verified.

■■ We believe the contention of appellant is without merit. The State is the

real party in interest. State v. Glass, 99 Kan. 159, 160 P. 1145; Pottenger v. State ex rel. Herrick, 54 Kan. 312, 38 P. 278. The opening part of, and signature to, the complaint were sufficient to advise appellant who filed the action for the State. A similar complaint was involved in State v. Glass, supra, and held sufficient because signed by the relator in his official capacity. Neither was it necessary to prove the official capacity of Donald R. Good as Prosecuting Attorney, since the District Court took judicial notice of the person holding that office (State v. Burtenshaw, 25 Idaho 607, 614, 138 P. 1105) and found accordingly.

Appellant contends that the Court erred in overruling his special demurrers to the complaint, which so far as applicable to this assignment alleges that appellant:

"* * * now is, and for a long time immediately preceding the commencement of this action has been maintaining a public nuisance in and upon the above described property and tenements, and in particular as follows, to-wit: The said James E. Burrup now is and for a long time immediately preceding the commencement of this action has been wilfully, knowingly, unlawfully, and with the knowledge and consent of the other defendants in said action, using said building, premises, together with the furniture, fixtures, vessels, bars, and equipment therein as a place in which intoxicating liquors, containing more than four per cent of alcohol by either weight or volume, are kept and harbored for the purpose of selling and giving away said liquors, and selling and disposing of the same contrary to law, and where persons are permitted to resort for the purpose of drinking intoxicating liquors, and where such intoxicating liquors are kept for the purpose of sale, and of inducing people to resort and buy and receive and purchase intoxicating liquors in violation of law."

"That the kind of liquors so kept, harbored, sold and disposed of by the said defendant, James E. Burrup, in and upon the premises aforesaid are whiskies, wines and gin, and plaintiff alleges that the said defendant holds, stores, keeps and harbors and wilfully, wrongfully, and unlawfully sells and disposes of the same upon the premises as aforesaid, in violation of the statutes in such cases made and provided, and against the peace and dignity of the State of Idaho."

The special demurrers were made upon the ground that the complaint:

"* * * is uncertain in that it does not set forth any dates or times when it is claimed this defendant kept and harbored for the purpose of selling or giving away liquors, or any persons to whom it is claimed any liquors were by this defendant sold to anyone or permitted to be sold or drank by anyone; said allegations are uncertain in that it alleges this defendant induced people to resort and buy and receive and purchase intoxicating liquors, but does not state any time or places or persons so in-

duced so that defendant can know what is being charged in those respects against him \* \* \*. That the allegations therein do not set forth any times or persons to whom any liquors are claimed to have been sold or disposed of by this defendant in violation of the statutes, or at what times it is claimed that this defendant kept, harbored, sold or disposed of any such whiskey, wine or gin."

The complaint alleged when the nuisance existed, the sale and keeping for sale of liquor in the premises, the kind of liquor, and that people were permitted to resort thereto to purchase and drink intoxicating liquor, all of which are ultimate facts, and sufficient to advise appellant of the claims of the State. A complaint to abate a liquor nuisance in substantially the language of the statute is not open to objection that it is uncertain and indefinite. Denapolis v. United States, 5 Cir., 3 F.2d 722. See also People v. Arcega, 49 Cal. App. 239, 193 P. 264, holding it unnecessary in a suit under the Redlight Abatement Act to set forth a specific description of the acts constituting all or any one of the alleged general acts of lewdness and prostitution.

Further, appellant does not seriously urge the point, and we do not deem it sufficiently discussed in the briefs. State v. Sawtooth Men's Club, 59 Idaho 616, 85 P. 2d 695.

Appellant assigns as error the introduction over his objection of State's Exhibit 1, a copy of which is as follows:

"Name Burrup, James E. Chuck Wagon
Address 116 W. Bridge, Blackfoot, Idaho
Change of Address Date
Change of Address Date
Business RLD

From _____ to June 30, 1941 From _____ to June 30, 1945
From _____ to June 30, 1942 From _____ to June 30, 1946
From _____ to June 30, 1943 From July 1946 to June 30, 1947
From _____ to June 30, 1944 From _____ to June 30, 1948

Record 10-Rev. July 1939
TREASURY DEPARTMENT
Internal Revenue Service

U. S. Government Printing Office
16-9518"

(Reverse Side)

"I hereby certify that the information shown on the reverse side hereof is a true record of retail liquor dealers special tax stamps issued by the Collector of Internal

Revenue for the District of Idaho to James E. Burrup, Chuck Wagon, 116 W. Bridge, Blackfoot, Idaho, for the period of time indicated.

"W. Clyde Quarles

"Deputy Collector in Charge

"District of Idaho"

This exhibit was apparently admitted under Section 2, Chapter 217, 1939 Laws, which provides:

"Internal Revenue Receipt Prima Facie Violation. The issuance by the United States of an internal revenue retail liquor dealer special tax stamp or receipt to any person as a dealer in alcoholic liquors shall be prima facie evidence of the sale of alcoholic liquors by such person during the time the stamp or receipt is in force and effect. A copy of such stamp or receipt or of the record of the issuance thereof, certified to by a United States internal revenue officer having charge of such record, is admissible as evidence in like case and with like effect as the original stamp or receipt."

This statute does not permit the revenue officer having charge of the record to certify to the contents thereof, or what the same purports to show. He may only certify that the exhibit is a copy of the original. In State v. Wilson, 141 La. 404, 75 So. 95, at page 97, Ann.Cas.1918D, 789, cited by both parties, the court clearly points out that at common law an officer who is authorized to certify to the correctness of a copy of the record kept in his office has no authority to furnish as evidence for the trial, his interpretation of what the record contains or shows, or to certify to its substance or effect; that the ex parte certificate of a public officer as to what the records kept in his office show or provide, is not, in the absence of statutory authority, admissible in evidence; that it is the province, not of the keeper of the public records, but of the judge or jury charged with the trial of the cause, to interpret documentary evidence and determine its effect. Wigmore on Evidence, Section 1678, Note 1; Brill v. Christy, 7 Ariz. 217, 63 P. 757. The face of this exhibit alone contains nothing from which it can be determined that a Retail Liquor Dealer's special stamp or receipt was issued to appellant. Only the letters "RLD" appear thereon, but these are meaningless without the explanation contained in the certificate of the officer. The face of the record cannot under our law be aided by the certificate. The exhibit was therefore incompetent to prove the issuance to appellant by the United States of an Internal Revenue Retail Liquor Dealer's special tax stamp or receipt, and should have been rejected. Trotter v. State, 77 Okl.Cr. 368, 141 P.2d 812. However, such error was harmless. The cause was tried to the court, and the other evidence, hereinafter discussed, substantially supports the remaining findings and the decree. McKeehan v. Vollmer-Clearwater Co. Ltd., 30 Idaho 505, 166 P. 256, Ann.Cas.1918E, 1157; Butler

v. Anaconda Copper Mining Co. et al., 46 Idaho 326, 268 P. 6; Buhl State Bank v. Glander, et al., 56 Idaho 543, 56 P.2d 757. Nor does it affirmatively appear that such erroneous evidence affected or could have affected the judgment of the court in this case. Murphy v. Yeast, 59 Ariz. 281, 126 P.2d 313; Liles v. Bigpond, 190 Okl. 112, 121 P.2d 596.

The exhibit being inadmissible, it becomes unnecessary for us to pass upon appellant's objections to the constitutionality of the statute under which the trial court received the same.

■ Appellant next urges error in the admission of evidence of the sale of liquor in the premises on December 17th, 1946, eighty-three days after the filing of the complaint. Evidence of sale subsequent to the filing of a complaint is admissible as tending to show the continuing character of the nuisance if the antecedent facts alleged in the complaint charging the nuisance are shown. Murphy v. United States, 3 Cir., 16 F.2d 595; United States v. Gaffney, 2 Cir., 10 F.2d 694; 48 C.J.S., Intoxicating Liquors, § 420; State v. Williams, 90 Iowa 513, 58 N. W. 904. No error was committed by the trial court in this regard.

■■ Appellant complains of the admission in evidence of his application to the County Commissioners of Bingham County, on August 1, 1946, for a license to retail beer in the Chuck Wagon Club. This exhibit was offered and properly admitted to establish the occupancy of the premises and the ownership of the business thereon. Further, appellant by his Answer admitted that he was in possession of, and conducting operations on, these premises, and therefore no prejudice could have resulted from this evidence.

Next assignments of error question the sufficiency of the evidence to establish a nuisance. Appellant by answer admitted the premises were not occupied or operated as a state liquor store or dispensary, and that he was, and had been for some time, in possession thereof, conducting operations therein under the name of the Chuck Wagon, with the consent, knowledge and acquiescence of the defendants Boyle, the owners. The evidence shows that on September 12, 1946, about 9:30 P.M., two investigators of the Liquor Law Division of the State Department of Law Enforcement entered the premises involved, which consisted of a basement room outfitted with a bar. From a bartender on duty they each ordered and received a drink of straight whiskey served in a three-quarter ounce whiskey glass, for which they paid 50 cents per drink. They could not see the bottle or container from which the whiskey came. Approximately 20 other people were in the place drinking something which the investigators presumed was whiskey, although they did not hear any of these people order whiskey. The Chief of Police of the City of Blackfoot testified that on or about September 24, 1946, and prior thereto, the place

had the general reputation that liquor could be bought there, and that it also had a general reputation as a "locker club." Nothing appears in the record to show what was meant by a "locker club." On December 17th, 1946, two other investigators for the Liquor Law Division were admitted to the same room through a rear door by an unidentified girl, after being asked for membership cards and stating they had none. Four or five people other than the bartender and door attendant were in the place. These investigators purchased a drink of straight whiskey each from a bartender, who served it out of a bottle located at one end of the bar.

Art. X, Chap. 222, 1939 Laws, defines a liquor nuisance as follows:

"Section 1001. Liquor Nuisance Defined—Maintaining. The conducting or maintaining of a place or of a vehicle of any sort for the manufacture, storage, transportation, sale, or dispensing of alcoholic liquor, except as in this act authorized, permitted, or licensed, is hereby declared to be a public nuisance and in this article is referred to as a liquor nuisance."

"Section 1002. Liquor Nuisance—Building and Equipment. A building, vehicle, car, or boat where alcoholic liquors are manufactured, stored, transported, sold, or otherwise dispensed, or where persons are permitted to resort for the purpose of purchasing or drinking alcoholic liquor, except as in this act authorized, permitted, or licensed, and all alcoholic liquor, vessels, glasses, kegs, pumps, bars, and other property and equipment found or used in connection therewith are hereby declared to be a public nuisance and in this article such a public nuisance is referred to as a liquor nuisance."

This Court has said:

"It has been held and we believe the weight of authority sustains the proposition that the test of a statutory nuisance, under a statute not prescribing the number of violations or the length of time violation must continue in order to constitute the offense, is not the number of sales made or the length of time liquor is kept upon the premises, but is whether the place is maintained for the keeping and sale of liquor in the sense of the statute * * *." State v. Sawtooth Men's Club, 59 Idaho 616, 85 P.2d 695, 699. Decided under Chap. 103, 1935 Laws.

What constitutes a liquor nuisance is a question of fact in each case. 48 C. J. S., Intoxicating Liquors, § 421; United States v. Diego, D.C.Fla., 31 F.2d 305.

"No hard and fast rule can be laid down for the determination of this question of fact. As has been said by many courts, that question may be answered in the affirmative by evidence of one sale, or by evidence of no sale, where the circumstances are such that a reasonable man must conclude that an unlawful business is being carried on. On the other hand, it seems quite clear that there

might be evidence of a dozen sales, for example, by an itinerant bootlegger in a hotel room, without there being proof of the fact that there was any reasonable probability of offenses occurring on the premises in the future. There is much law on the subject.

"In Engler v. United States, 8 Cir., 25 F. 2d 37 a permanent soft drink establishment with liquor on the premises, together with the evidence of some isolated sales, were held ample to support the injunction; that the owner of the premises is not a necessary party, as the proceeding is one in rem; that change of tenants is not in itself sufficient to show that the owner has abated the nuisance; that a nuisance, once shown to exist, is presumed to continue until the owner proves the contrary; and that an acquittal in a criminal prosecution is not a bar to proceedings under the nuisance section." United States v. All Buildings, Etc., D.C., 28 F.2d 774, 775.

■ Evidence of one sale, coupled with proof of subsequent possession on premises ostensibly used as a restaurant was held sufficient in Denapolis v. United States, 5 Cir., 3 F.2d 722. Though a single sale does not under all circumstances show a nuisance, yet the circumstances surrounding the sale may be such as to warrant the inference that the single act was part of a habit. Barker v. United States, 4 Cir., 289 F. 249. A single sale with attending circumstances indicating other dealing in such liquor is sufficient. United States v. Reis-enweber, 2 Cir., 288 F. 520. Evidence of one sale in an equipped barroom was held sufficient in Young v. United States, 9 Cir., 272 F. 967. A trial court may well conclude from evidence of a single sale and the facts surrounding it that the room or building was a common nuisance, and that it was a place where liquor was sold, kept or bartered in violation of the statute. Lewinsohn v. United States, 7 Cir., 278 F. 421.

In State v. Sawtooth Men's Club, 59 Idaho 616, 85 P.2d 695, it was conceded that the appellant club was maintained and operated for at least one day as a place where alcoholic liquors were sold and were kept with intent to sell or be given away in violation of law, and that on that day two sales were made. This was held sufficient to show a nuisance. In State v. Snoderly, 61 Idaho 314, 101 P.2d 9, isolated sales, together with reputation of the place, was sufficient.

■ Appellant did not testify and such failure is also a circumstance to be considered. 48 C. J. S., Intoxicating Liquors, § 420; Jeter v. State, Tex.Civ.App., 171 S.W. 2d 192.

■ Reputation of the place is a factor. "Evidence of Reputation Admissible. At all hearings upon the merits, evidence of the general reputation of the building or place constituting the alleged nuisance, of the inmates thereof, and of those resorting thereto, is admissible for the purpose of proving the existence of such nuisance." Sec. 1007, Art. X, Chap. 222, 1939 Laws.

The sales in September, the room where the liquor was sold being outfitted with a bar, the bartender on duty, the general reputation of the premises, and the failure of appellant to testify, justified the trial court in finding and concluding that a nuisance existed. The sales in December were sufficient to show the continuance thereof. The fact that liquor was sold upon the premises in and of itself warrants the inference that liquor was kept therein for the purpose of sale in the absence of any showing to the contrary.

Appellant argues that there is no showing that the bartender was his agent or employee. Such agency may be inferred from the circumstances that appellant was the operator and occupant of the place and the bartender was openly on duty therein selling liquor. This is not the same as an itinerant peddler secretly making a sale in the washroom. However, an abatement proceeding is one in rem (State v. Braun, 62 Idaho 258, 110 P.2d 835) and ignorance of illegal conduct on the premises is not a defense. Owners, lessees and occupants are not necessarily made parties defendant because of participation in or knowledge of such conduct, but in order that their rights in the property may be bound by the decree, and because they ordinarily have it within their power to stop the unlawful use of the property.

Appellant next asks this Court to set aside the decree, claiming Chap. 274 of the 1947 Laws, authorizing the sale of liquor by the drink under state license and local option, has so modified, changed or amended Chap. 222 of the 1939 Laws as to now make lawful that which is enjoined by the decree. Judgment and decree in this case was entered February 4, 1947, and Chap. 274 of the 1947 Laws became effective March 19, 1947.

Chap. 274, 1947 Laws, was enacted to provide for retail sale of liquor by the drink in incorporated towns under license and local option, and to that extent only modifies Chap. 222 of the 1939 Laws, which is The "Idaho Liquor Act," and covers generally the control, regulation, manufacture, traffic and use of alcoholic liquor. Our legislature expressly declared in the 1947 Act as the policy of the State of Idaho:

" * * * that it is necessary to further regulate and control the sale and distribution within the State of alcoholic beverages * * *."

The 1947 Act makes no mention of liquor nuisances other than:

"Any violation of the provisions of this Act or any rule or regulation of the Commissioner promulgated hereunder shall constitute a moral nuisance under the provisions of Section 51-204, Idaho Code Annotated." Sec. 34, Chap. 274, 1947 Laws.

No part of the 1947 Act expressly repeals Art. X of the 1939 Act. The repeal of statutes by implication is not favored. In the absence of express terms, it will be presumed that the legislature did not intend by

a later act to repeal a former one, if by a fair and reasonable construction, effect can be given to both. To overcome such presumption, the two acts must be irreconcilable, i. e. clearly repugnant, as to vital matters to which they relate, and so inconsistent that the two cannot have concurrent operation. State v. Martinez, 43 Idaho 180, 250 P. 239; Brady v. Place, 41 Idaho 747, 242 P. 314, 243 P. 654; Poston v. Hollar, 64 Idaho 322, 132 P.2d 142; Hammond v. McDonald, 32 Cal.App.2d 187, 89 P.2d 407.

 The two statutes are not repugnant. The 1939 Act is much broader in scope, and has to do with the control, regulation, manufacture, sale and dispensation of liquors in general, while the 1947 Act relates only to retail sale by the drink under license and local option. We are of the opinion that the legislature by the 1947 Act intended no repeal of Article X of the 1939 Act, but made the injunctive remedy in the 1947 Act supplement that of the 1939 Act.

Application can be made to the trial court for the release of the premises and movable property from the decree on and under the terms provided in Sec. 1011, Chap. 222, 1939 Laws, and if released, such premises and property could be used for the licensed sale of liquor by the drink in conformity with the 1947 Act without a violation of the decree in the instant case.

 Appellant's final assignment of error attacks that part of the decree enjoining defendants from maintaining a nuisance in any other place within Bingham County, Idaho, than the Chuck Wagon. Appellant is correct in his claim that the court had no authority to put this provision in the decree, and the same is without any force and effect. Sec. 1008 of Chap. 222 of the 1939 Laws provides that:

"If the existence of the nuisance is established, the court shall enter a decree perpetually restraining all persons from maintaining or permitting such nuisance, and from using the building or place in which the same is maintained for any purpose, for a period of one year thereafter, unless such decree is sooner vacated, as hereinafter provided."

Under the statute the decree must be limited to the particular premises against which the action is directed. To same effect see State v. Brush, 318 Ill. 307, 149 N.E. 262.

The decree of the trial court is hereby modified by eliminating the words "or any other place within Bingham County, Idaho," and as so modified is affirmed.

Costs to respondent.

BUDGE, C. J., and GIVENS, HOLDEN and MILLER, JJ. concur.