The State, ex rel. Bosch, Appellee, *v.* Denny's Place et al., Appellants.

352

(No. 1031—Decided May 21, 1954.)

Mr. *Jackson Bosch,* for appellee.
Messrs. *Hopkins & Curran* and *Mr. Lee J. Hereth,* for appellant.

MATTHEWS, P. J. On October 21, 1952, the plaintiff filed its petition to abate a nuisance on certain described premises known as Denny's Place in Butler County, under favor of Section 13195-1 *et seq.,* General Code (Section 4301.73 *et seq.,* Revised Code). The plaintiff alleged that the defendant for years had conducted the business of selling intoxicating liquor on the premises in violation of law, thereby creating and maintaining a nuisance, as defined in the aforesaid section. The character of the nuisance and its harmful effects upon the public were described in great de-

tail, but for the purposes of this appeal it is not deemed necessary to set forth those allegations.

The prayer of the petition was: "That said nuisance be abated and that said defendant and his agents, servants and employees, and all persons interested directly or indirectly in the operation of said premises herein described or on said real estate be perpetually enjoined from the use and occupancy of said premises and from maintaining the said nuisance on said premises, and from further maintenance thereof, together with such other, further and different relief as the court deems advisable in the premises."

On October 28, 1952, the cause came on for final hearing upon agreement of the parties and, thereupon, the court found that the premises had been used as alleged in the petition, in that the illegal sale of intoxicating liquor had taken place thereon on many occasions, that the defendant-owner had managed and operated said business on the premises, and that a common nuisance existed thereon.

On this finding, the court decreed "that a permanent injunction be and the same is hereby ordered as prayed for in the plaintiff's petition against the defendant Dennis M. Robinette and he is herewith permanently enjoined and restrained from selling or dealing in or serving beer or intoxicating liquors or beverages, either personally or through his agents or servants, at the premises hereinbefore described or in any place in Butler County, Ohio, without a permit from the Department of Liquor Control of the State of Ohio or in violation of law." This was followed by provisions for abating the nuisance, excluding defendant from the use of the premises for one year, and appointing a receiver to take charge of the property.

On February 10, 1954, the plaintiff filed a motion for a citation for contempt and affidavit in support there-

of, charging the defendant with violating the injunction. The motion charged the defendant in general terms with violation of the injunction, but the affidavit averred that the violation consisted in the resumption of the business of selling liquor at Denny's Place, which was the site of the common nuisance alleged in the petition and decree.

On the hearing of this contempt charge, the court found the defendant guilty and sentenced him to six months imprisonment and a fine of $500. It is from that sentence that this appeal was taken.

Appellant's counsel point out that by this decree the court in terms purports to enjoin the defendant from violating the laws relating to the selling, dealing in, or serving of intoxicating liquor contrary to law, "in any place in Butler County, Ohio." It is suggested that this is an attempt to substitute the injunctive process for the safeguards of the criminal code. A similar provision was contained in an injunction reviewed in the case of *State* v. *Brush*, 318 Ill., 307, 149 N. E., 262. The defendant was charged with violating that provision. In finding for the defendant, the court, at page 311, said:

"The decree of the County Court of Christian County so far as it purported to enjoin the plaintiff in error from manufacturing, selling or keeping intoxicating liquor on any premises in the state of Illinois, is void. It merely enjoins the plaintiff in error, generally, from the commission of a certain class of crimes, and it is not within the general powers of a court of equity and is not authorized by the statute. Since the decree was void, the plaintiff in error was not guilty of contempt of court if he disregarded it."

The court, at page 310, said that the Prohibition Act had not conferred any such power upon the court, and that the power of the Legislature to confer such power "may be doubted."

In *Sullivan* v. *State,* 191 Ark., 180, 83 S. W. (2d),
824, similar provisions in an injunction were re-
viewed in a contempt proceeding. The provision vio-
lated, however, was that enjoining the sale, etc., of
intoxicating liquor on the premises (Old Heidelberg
Inn) on which the common nuisance had been main-
tained. The court, at page 184, said:

"It must be conceded that a proceeding of this
kind is to abate a nuisance conducted at a particular
place. If it be conceded that, to the extent that the
court enjoined W. E. Sullivan from the sale of liquor
'elsewhere in Pulaski County' the order was in excess
of power, that in no particular impairs the validity of
the restraint in so far as it related to Old Heidelberg
Inn."

See, also, 48 Corpus Juris Secundum, 703, Section
424 *et seq.*; and *Watkins* v. *Wilkerson,* 141 Ga., 163,
80 S. E., 718, Ann Cas., 1915C, 1124.

We assume that a decree which in general terms
purports to enjoin a defendant from committing a
crime in the future, no matter where, within the juris
diction of the court, would be beyond the power of the
court on constitutional grounds. We agree, however,
that the incorporation of such a provision does not in-
validate other distinct provisions in the decree that
are within the jurisdiction of the court. It should be
noted that this portion of the decree does not respond
to any prayer unless it should be found to come with-
in the general prayer for relief. In the case at bar,
the injunction against the sale of intoxicating liquor
at Denny's Place is entirely separate and distinct
from the general provision against sales elsewhere in
Butler County, and the invalidity of the latter pro-
vision does not affect the former.

A more troublesome question is presented by the de-
fendant's contention that the injunction expired at
the end of the year of its issuance by operation of law.

This contention is based on the following provision of Section 13195-1, General Code:

"And upon judgment of the court ordering such nuisance to be abated, the court may order that the room, house, building, structure, place, boat, or vehicle, shall not be occupied or used for one year thereafter; but the court may, in its discretion, permit it to be occupied or used if the owner, lessee, tenant, or occupant thereof shall give bond with sufficient surety, to be approved by the court making the order, in the penal and liquidated sum of not less than $1,000 nor more than $5,000, payable to the state of Ohio, and conditioned that beer or intoxicating liquor will not thereafter be manufactured, sold, bartered, possessed, kept, stored, transported, or otherwise disposed of therein, thereat or thereon, in violation of law, and that he will pay all fines, costs and damages that may be assessed for any violation of the law of Ohio upon said property. For closing the premises and keeping them closed as provided herein, a reasonable sum shall be allowed the officer by the court."

In the first paragraph of that section any place where intoxicating liquor is sold, etc., is declared to be a common nuisance. In the next paragraph is found provision for its abatement by action for injunction, and in the following paragraph that action is expressly described as one in equity "brought in any court having jurisdiction to hear and determine equity cases."

By Section 13195-3, General Code, it is provided that: "In the case of the violation of any injunction, temporary or permanent, granted pursuant to the provisions of Section 13195-1 of the General Code, the court, or in vacation a judge thereof, may summarily try and punish the defendant."

The plaintiff prayed for a perpetual injunction against the maintaining of a nuisance on the described

premises and, as is seen, the court responds to that prayer by awarding a permanent injunction.

It will be observed that this portion of the decree limits the permanent injunction to acts of the same character committed on the same premises as were found to have been a public nuisance. It is clear that the purpose in making the injunction permanent was to secure the public against the unlawful use of the premises by the defendant in such a way as to cause a reversion to the same kind of nuisance that had been abated.

That courts of equity are accustomed to granting permanent or perpetual injunctions in cases of recurring wrongs or threats, such as continuing trespasses, need hardly be stated. Equity intervenes in a variety of circumstances where otherwise a multiplicity of actions at law would result. It is also a familiar principle of equity that the court granting a permanent injunction has power to vacate or modify it at any time on proof of a change of conditions.

We are not advised from the record of the evidence upon which the court found that the premises were a common nuisance. We must assume that it was sufficient for that purpose. To be sufficient, it must have disclosed that the premises were being so used as to harm the civil rights of the citizens in public places or interfere with the transacting of public business. Having found the existence of a common nuisance, the duration of the injunction would rest in the sound discretion of the chancellor in the absence of any enabling statute. But the statute here being construed expressly recognizes that the injunction might be permanent.

We can see no intent to limit the equity power of the court to grant an injunction, temporary or permanent, in the provision authorizing the court to entirely exclude the defendant from the premises for one year.

The injunction is only against the use of the premises in unlawfully selling intoxicating liquor thereon.

That the lack of jurisdiction of courts of equity to enjoin crimes as such is no more clear than its jurisdiction to enjoin common nuisances and that the facts calling for equitable intervention are also denounced as criminal is of no significance. This is clearly pointed out in *State, ex rel. Stewart,* v. *District Court,* 77 Mont., 361, 251 P., 137, 49 A. L. R., 627, where the court said beginning at page 376:

"This much may certainly be said: In practical operation the statute might easily result in substituting contempt proceedings for jury trials. Of the truth of this the case before us offers an apt illustration.

"No such result follows from the pronouncement of a given act as a public nuisance, punishing the perpetrator for committing the same, and enjoining him from repeating it. (*State* v. *Ehrlick,* 65 W. Va., 700, 23 L. R. A. [N. S.], 691, 65 S. E., 935; *Ex Parte Allison,* 48 Tex. Cr. App., 634, 13 Ann. Cas., 684, 3 L. R. A. [N. S.], 622, 90 S. W., 492; *Campbell* v. *Peacock* [Tex. Civ. App.], 176 S. W., 774.)

"Injunction lies to abate a nuisance although maintaining the nuisance involves a crime; to that extent the strong arm of equity aids in preventing crime. In that case, however, there must be proof of what the law denominates nuisance as distinguished from mere crime. The general rule is that an injunction will not lie to prevent or punish the commission of a crime. It is not any part of the intention of the law that constitutional provisions shall be evaded by substituting a civil for a criminal procedure, or a single judge for a jury. (*State, ex rel. Alton,* v. *Salley* [Mo.], 215 S. W., 241.)"

The cases cited fully support the court's contention.

We find that the issuance of the injunction was within the jurisdiction of the court, that it was still operative, and that defendant was in contempt for violating it.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

Ross and HILDEBRANT, JJ., concur.