18272

The STATE of South Carolina *ex rel.* Daniel R. McLEOD, Attorney General, and Dr. Frank B. Hines, Jr., Dr. W. C. Draffin, Dr. Evin Cannon, Dr. V. R. Hawkins, Dr. A. L. Haisten, Dr. E. C. Proctor, Constituting and acting as officers of the State Board of Dental Examiners, Respondent, v. Jack HOLCOMB, Appellant.

(138 S. E. (2d) 707)

64

*Messrs. Anderson & Doyle,* of Anderson, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *William F. Prioleau, Jr.,* of Columbia, and *John K. Grisso,* of Anderson, *for Respondents,*

November 6, 1964.

LEWIS, Justice.

Upon the petition of the State of South Carolina, on relation of the Attorney General, and the State Board of Dental Examiners, the Court of Common Pleas for Anderson County issued a permanent injunction on January 11, 1962, restraining the defendant from engaging in the practice of dentistry in this State until he met the qualifications and obtained a license as required by Section 56-531 *et seq.* of the 1962 Code of Laws. Subsequently, on three separate occasions, March 29, 1962, July 11, 1963, and February 29, 1964, the lower court entered orders adjudging the defendant in contempt of court for violation of the aforesaid injunction. There was no appeal by the defendant from any of the foregoing orders except the last. When charged with contempt for the third time, he contended that his violation of the injunction was not contempt because the lower court was without jurisdiction to enter the order restraining him from practicing dentistry without a license. The lower court overruled the challenge to its jurisdiction, found the defendant guilty of contempt of court, and imposed sentence, from which the defendant has prosecuted this appeal.

The fact that the defendant did not possess the qualifications required to practice dentistry and was practicing such profession without a license in violation

of the injunction issued on January 11, 1962 is not in issue. The defendant seeks to avoid the consequences of his violation solely upon the ground that the court issuing such order was without jurisdiction to do so, relying upon the settled principle that disobedience of a void order or one issued without jurisdiction is not contempt. *State v. Nathans,* 49 S. C. 199, 27 S. E. 52; *State v. Highsmith,* 105 S. C. 505, 90 S. E. 154; *Long v. McMillan et al.,* 226 S. C. 598, 86 S. E. (2d) 477.

Section 56-531 of the 1962 Code of Laws makes it unlawful for any person to enter upon the practice of dentistry in this State without first having obtained a license to do so from the State Board of Dental Examiners. Section 56-532 defines the practice of dentistry and Section 56-535 sets forth the qualifications required of those seeking to enter the profession. Section 56-533 provides, in part, that any person who practices dentistry in this State without first obtaining a license to do so as required by Section 56-531 shall be guilty of a misdemeanor and, upon conviction, shall be punished by imprisonment in the State Penitentiary for not less than one month nor more than six months or shall be fined in the sum of not less than two hundred dollars nor more than one thousand dollars. These statutes contain no specific provision for enforcement by way of injunction.

While the foregoing statutes make the practice of dentistry without a license a criminal offense and prescribe the punishment therefor, the State has not instituted criminal proceedings against the defendant, but instead has proceeded in equity and obtained an injunction restraining the defendant's unlawful activities. The defendant's challenge to the jurisdiction of a court of equity to grant such relief is based upon the contention that, since the violation of these statutes is made a criminal offense, an adequate remedy exists at law for enforcement of the prohibition against the unlicensed practice of dentistry and the State may not therefore, resort to a court of equity to enforce compliance with the law. The question then for decision is whether, at the instance of the

State, a court of equity has jurisdiction to enjoin the unlawful activities of the defendant, or whether jurisdiction over his acts lies only in the criminal courts.

The general rule is well settled that equity has no criminal jurisdiction and will not enjoin the commission of a crime solely for the purpose of enforcing the criminal laws. However, the fact alone that the wrongs complained of are accompanied by, or are, violations of the criminal law will not displace the jurisdiction of equity to exercise its injunctive powers to prevent such wrongful acts whenever there are other facts present which afford a basis for the exercise of equitable jurisdiction. *Ezell v. Ritholz,* 188 S. C. 39, 198 S. E. 419; 28 Am. Jur., Injunctions, Section 157. And the foregoing principles apply whether the jurisdiction of equity is sought to be invoked at the instance of the State or an individual. 28 Am. Jur., Injunctions, Section 160. See annotations in 40 A. L. R. 1145 and 91 A. L. R. 315.

While the courts are not in accord as to the exercise of the jurisdiction of a court of equity to restrain the practice of a profession without a license required by law, (28 Am. Jur. 666, Section 165; 41 Am. Jur. 188, Section 67; 43 C. J. S., Injunctions, § 124; Annotations: 81 A. L. R. 292 and 92 A. L. R. 173), we think that the facts in this case present ample grounds for the intervention of equity to restrain the defendant from the unlawful practice of dentistry. There is present a high public interest which the State is entitled to have protected and the criminal remedy is inadequate to protect it. The existence of these facts is sufficient to give a court of equity jurisdiction to restrain the unlawful acts. See: *State ex rel. Lyon v. Columbia Water Power Co.,* 82 S. C. 181, 63 S. E. 884, 22 L. R. A., N. S., 435.

As stated in 28 Am. Jur. 659, Section 160: "The state is intrusted with the duty of protecting the public against criminal acts injurious to the civil or property rights or priv-

ileges of the public or the public health. Ordinarily recourse is had to its criminal courts for such purpose. Yet there may be cases where the remedy at law by criminal prosecution and punishment would not be adequate under the circumstances, and where the remedy in equity by injunction would furnish more effectual and complete relief. In such cases, according to the weight of authority, when the interests of the state or other political division or the interests of those entitled to its protection are thus affected by criminal acts or practices, the state, acting through its governmental agencies, may invoke the jurisdiction of equity to have them restrained."

The statutes regulating the practice of dentistry were ■ enacted in furtherance of the public interest and welfare, and designed to protect the health and physical well-being of the public. Their basic purpose was not to create a crime, but to safeguard the health and welfare of the public by protecting, in a measure at least, those in need of dental treatment from the consequences of incompetency and inefficiency in the profession. It is well known that the practice of dentistry is a highly specialized profession and its practice, by unqualified persons, a danger to the health of the people. The interest of the State in the enforcement of the statute for the prevention of imminent and irreparable injury to the health of the people is, therefore, apparent.

Since it is apparent that public interests are involved, which the State is entitled to have protected, does the fact that those practicing dentistry without a license may be prosecuted criminally afford an adequate remedy? While recognizing that it is impossible to formulate a definite rule by which this question may be determined, the court stated in *Kirk v. Clark,* 191 S. C. 205, 4 S. E. (2d) 13, that, "if the available legal remedy in a given case reduces itself to a matter of words, rather than to a matter of efficacy, because of its impracticability, or because the threatened acts may continue during the progress of an action at law, or because successive actions at law would be necessary to protect the

plaintiff's rights, equity will hold that the existence of the legal remedy is not an obstacle to the exertion of the equitable power."

The chief purpose of the statute was to obtain compliance with its provisions, with the criminal provisions intended as an aid to its accomplishment. While the remedy by indictment is made available, it is not exclusive nor adequate. The limitations upon the power to effectively enforce· compliance, if resort may be had only to the criminal remedy, is amply demonstrated by the fact that in each instance after the imposition of the statutory penalties the unlawful practice could be continued, with consequent injury to the health of the public, until the next violation is discovered. In our judgment, experience would demonstrate that use of the criminal process under the present circumstances would afford an inadequate remedy to effectually enforce compliance with the law. *Ezell v. Ritholz, supra,* 188 S. C. 39, 198 S. E. 419.

The conclusion that the court of equity had jurisdiction to grant the injunction restraining the defendant from practicing dentistry without a license disposes of all issues before the Court, and requires affirmance of the judgment of the lower court.

Affirmed.

TAYLOR, C. J. and Moss, BUSSEY and BRAILSFORD, JJ., concur.