**KUANG HUNG HU, Plaintiff,**

v.

**Robert MORGAN, Chairman, Board of Trustees, East Carolina University, in his official capacity, et al., Defendants.**

**Civ. No. 785.**

United States District Court,
E. D. North Carolina,
Washington Division.

Dec. 22, 1975.

Thomas F. Loflin, III, Loflin & Loflin, Durham, N. C., for plaintiff.

Rufus L. Edmisten, Atty. Gen. of N. C. by Edwin M. Speas, Sp. Deputy Atty. Gen., Raleigh, N. C., for defendants.

## MEMORANDUM OPINION and ORDER

LARKINS, Chief Judge:

This is a civil action by a former assistant professor of chemistry at East Carolina University who alleges that his discharge deprived him of rights, privileges, and immunities under the United States Constitution. By way of relief, the plaintiff seeks reinstatement as well as compensatory and punitive damages. The case is presently before this Court upon the request of the plaintiff that the defendant, Robert C. Lamb, be cited for contempt as it is alleged that he has, as Chairman of the Chemistry Department at East Carolina University, harassed, threatened, and intimidated a witness for the plaintiff, Dr. Myron Casper, a member of the faculty, because of his participation in this suit. Such conduct is alleged to be in violation of Title 18, United States Code, Section

1503. In the alternative, the plaintiff seeks a protective order prohibiting such conduct.

This Court finds that the motion for a protective order is no more than an attempt to enjoin an activity which has been subjected to criminal sanction by Congress. Although there is nothing magical about the Court's nomenclature, the traditional and oft-repeated rule is that "equity will not enjoin a crime." As early as 1818, Lord Chancellor Eldon, in declining to enjoin a libel, held that: "The publication of a libel is a crime; and I have no jurisdiction to prevent the commission of crimes . . . . " *Gee v. Pritchard*, 2 Swan. Ch. 402, 413, 36 Eng.Rep. 670, 674 (1818).

As is the case with so many traditional rules, exceptions to this rule abound. The rule against enjoining crimes has been ignored in cases where the plaintiff sought to enjoin a public nuisance, *State ex rel. Crow v. Canty*, 207 Mo. 439, 105 S.W. 1078 (1907); *State ex rel. Bosch v. Denny's Place*, 98 Ohio App. 351, 129 N.E.2d 532 (1954), under civil rights statutes, *Everett v. Harron*, 380 Pa. 123, 110 A.2d 383 (1955), under regulatory statutes, *Ginsburg v. Kovrak*, 392 Pa. 143, 139 A.2d 889 (1958), or when the matter was of sufficient public concern to warrant the injunction. *State v. Holcomb*, 245 S.C. 63, 138 S.E.2d 707 (1964).

Professor Dobbs has observed in his treatise that:

> "The reasoning in many of these criminal equity cases often seems to translate that an injunction is proper where the court thinks it is proper. This is in itself reasonable enough but it would be desirable to have some discussion of the elements that lead to the conclusions."

D. Dobbs, Remedies § 2.11, at 116, n. 20 (1973).

Despite the willingness shown by some courts to enjoin criminal activity, this Court concludes that injunctive relief is not appropriate in the case before it. As counsel for the plaintiff notes, if a protective order were to issue, an individual in violation would become subject not only to the criminal penalties provided by Title 18, United States Code, Section 1503, but also to penalties for contempt of court. This is a situation which the Court desires to avoid in the present case. It is possible that such double prosecution would violate the double jeopardy provision of the United States Constitution. *People v. Lim*, 18 Cal.2d 872, 880, 118 P.2d 472, 476 (1941). Furthermore, a contempt citation would deprive the accused party of a jury trial, because he would be tried before a jury for any violation of the criminal statute.

It is also the opinion of the Court that the criminal penalty provided by the statute, five thousand dollars penalty and/or imprisonment for five years, is a sufficient penalty to protect the interests of the plaintiff in this case. The authorized criminal penalty is by no means a trivial sanction. The individuals who would most likely attempt to influence the testimony of Dr. Casper, members of the administration and faculty of East Carolina University, would also be subject to dismissal upon a felony conviction with a resulting loss in economic and professional standing. This Court is also reluctant to insert its judgment for that of Congress by adding to the criminal penalty the possibility of contempt penalties.

Finally, it should not be the role of any court to monitor the activities of an individual or the internal administration of any university for criminal activity. There is sufficient guidance in the criminal statutes as to what constitutes prohibited conduct. The edict of this Court would be no more than a superfluous admonition to obey the criminal statutes.

Now therefore, in accordance with the foregoing, it is

Ordered that the plaintiff's request that the defendant, Robert C. Lamb, be cited for contempt and the motion for a protective order be, and the same are hereby denied.

Let this order be entered forthwith.