# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Respondent-Petitioner,

v.

Ontavious Derenta Plumer, Petitioner-Respondent.

Appellate Case No. 2021-000643

———

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

———

Appeal from Greenwood County
Edward W. Miller, Circuit Court Judge

———

Opinion No. 28152
Heard March 7, 2023 – Filed April 26, 2023

———

## AFFIRMED AS MODIFIED

———

E. Charles Grose Jr., of The Grose Law Firm, LLC, of Greenwood, for Petitioner-Respondent.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General Mark Reynolds Farthing, both of Columbia, and Solicitor David Matthew Stumbo, of Greenwood, all for Respondent-Petitioner.

———

**JUSTICE JAMES:** Ontavious Derenta Plumer shot and wounded Oshamar Wells (Victim) during an aborted drug deal. Plumer was convicted of attempted murder and possession of a weapon during the commission of a violent crime. He was

sentenced to life without parole (LWOP)[1] for attempted murder and to a concurrent five-year term on the weapon charge. The court of appeals affirmed Plumer's convictions but vacated the five-year weapon sentence. *State v. Plumer*, 433 S.C. 300, 857 S.E.2d 796 (Ct. App. 2021). We granted cross-petitions for certiorari and address two issues in this opinion. First, we address Plumer's contention that the court of appeals erred in affirming the trial court's refusal to instruct the jury on self-defense. Second, we address the State's contention that even though the five-year weapon sentence is prohibited by statute, that issue was not raised to the trial court and is thus not preserved for appellate review. We affirm the court of appeals as modified on both issues.

## Background

The court of appeals' opinion presents the factual background of this case. The following basic facts are sufficient for our review. The shooting occurred during a drug deal in which Plumer and Jamel Brownlee planned to buy approximately $3,600 worth of marijuana from Victim. The deal was convened in the kitchen of Victim's cousin's house. Victim testified that instead of paying for the marijuana, Plumer pulled out a pistol in an apparent attempt to rob Victim. Victim testified that in response to Plumer displaying his pistol, Victim reached for a pistol he knew his mother kept in a cabinet within arm's reach of the table. Both men began shooting at one another, and both were wounded. Plumer was indicted for armed robbery, attempted murder, and possession of a firearm during the commission of a violent crime. The jury acquitted Plumer of armed robbery but found him guilty of the latter two charges.

---

[1] Under South Carolina Code section 16-3-29, a person convicted of attempted murder "must be imprisoned for not more than thirty years." (2015). However, attempted murder is classified as a "most serious offense." S.C. Code Ann. § 17-25-45(C)(1) (2014 & Supp. 2022). A person convicted of two "most serious offenses" must be sentenced to LWOP. S.C. Code Ann. § 17-25-45(A)(1)(a) (2014). This conviction was Plumer's second conviction for a most serious offense, a point which Plumer does not contest. The solicitor has complete discretion on whether to seek LWOP for a second most serious conviction. S.C. Code Ann. § 17-25-45(G) (2014). Notice of intent to seek LWOP must be given by the solicitor to the defendant and his attorney "not less than ten days before trial." S.C. Code Ann. § 17-25-45(H) (2014). Plumer does not contend improper notice was given.

## I. Self-Defense Instruction

Our holding in *State v. Williams*, 427 S.C. 246, 830 S.E.2d 904 (2019), is dispositive of the self-defense issue.[2] As we noted in *Williams*, one of the elements of self-defense is that the defendant must have been without fault in bringing on the difficulty. We held "intentionally bringing a loaded, unlawfully-possessed pistol to an illegal drug transaction is 'calculated to produce a violent occasion[,]'" and a person who does so cannot be without fault in bringing on the difficulty. *Id.* at 251, 830 S.E.2d at 907. As was the case in *Williams*, Plumer unlawfully possessed the firearm he employed during this illegal drug transaction. Plumer argues there is evidence he was not aware the gathering in the kitchen was for an illegal drug deal. We disagree. The only reasonable inference to be derived from the record is that Plumer intentionally took a loaded firearm to what he knew would be an illegal drug transaction. It matters not who drew his weapon first or who fired first. For the reasons we expressed in *Williams*, Plumer was not entitled to a self-defense instruction.

## II. Weapon Sentence

A defendant who is convicted of possession of a weapon during the commission of a violent crime faces a mandatory five-year sentence "in addition to the punishment provided for the principal crime." S.C. Code Ann. § 16-23-490(A) (2015); *see* S.C. Code Ann. § 16-1-60 (2015 & Supp. 2022) (defining attempted murder as a violent crime). However, the "five-year sentence does not apply in cases where . . . a life sentence without parole is imposed for the violent crime." S.C. Code Ann. § 16-23-490(A).

The State concedes Plumer's five-year weapon sentence is an illegal sentence[3] because it is prohibited by subsection 16-23-490(A); however, the State contends the issue is not preserved for appellate review because Plumer failed to raise the illegality of the weapon sentence to the trial court. Plumer acknowledges he did not

---

[2] Plumer was tried in 2015, and this case was argued before the court of appeals in 2020. The State submitted *Williams* as a supplemental citation to the court of appeals, but the court of appeals did not rely upon *Williams* in affirming Plumer's conviction.

[3] For purposes of this case, we define an "illegal sentence" as a sentence in excess of that permitted by law, even if there is no real threat of incarceration beyond the legal sentence.

raise the issue to the trial court.

In *State v. Johnston*, we corrected an illegal sentence even though the issue was not raised to and ruled upon by the trial court. 333 S.C. 459, 463-64, 510 S.E.2d 423, 425 (1999). We noted the standard issue preservation rule but vacated the illegal sentence because (1) the State conceded the sentence imposed was excessive and (2) the defendant faced a "real threat" of remaining incarcerated beyond the legal sentence. *Id*.

On occasion, we encounter illegal sentences to which no objection was taken in the trial court. In such cases, it is inefficient and a waste of judicial resources to delay the inevitable by requiring the appellant to file a post-conviction relief action or petition for a writ of habeas corpus. Therefore, we modify *Johnston* and hold that when a trial court imposes what the State concedes is an illegal sentence, the appellate court may correct that sentence on direct appeal or remand the issue to the trial court even if the defendant did not object to the sentence at trial and even if there is no real threat of incarceration beyond the limits of a legal sentence. However, we do not agree with the court of appeals' conclusion that the correction of the sentence is a function of "criminal equity." *Plumer*, 433 S.C. at 315, 857 S.E.2d at 803. "The general rule is well settled that equity has no criminal jurisdiction . . . ." *State ex rel. McLeod v. Holcomb*, 245 S.C. 63, 67, 138 S.E.2d 707, 708 (1964); *see Ezell v. Ritholz*, 188 S.C. 39, 46-47, 198 S.E. 419, 422 (1938). With that modification, we affirm the court of appeals on this issue.

## Conclusion

*Williams* forbids a self-defense instruction under the facts of this case. We therefore affirm as modified the court of appeals' decision on that issue. We affirm the court of appeals as modified with regard to the illegal five-year weapon sentence in accordance with our holding today.

**AFFIRMED AS MODIFIED.**

**BEATTY, C.J., KITTREDGE, FEW and HILL, JJ., concur.**